[WARREN GENERAL TERM, July 13, 1858. *C. L. Allen, James* and *Potter,* Justices.]

———— •••• ————

## UTTER *vs.* STUART.

*ec. Linsey*
*7 G v.Y. 552*
In all cases where a party, having it in his power, cancels a contract, or declares it void, he should *restore the other party to his former right,* by repayment of money, or return of property, received on such contract; and failing to do so, he is liable to an action for its recovery.

Where a vendor, in pursuance of a right reserved in the contract of sale, declares the contract void, and re-enters and takes possession of the lands, and sells the same to another person, this amounts to a rescission of the contract by him, and the vendee may, in an action for money had and received, recover back the payments made by him.

THIS was an action by a purchaser, to recover back from a vendor moneys paid by the former upon a contract between the parties for the sale and purchase of land.

*Morris & Vary,* for the plaintiff.

*Aikens Foster,* for the defendant.

Utter *v.* Stuart.

JAMES, J.   The plaintiff sets forth in his complaint that on the 25th of January, 1854, he entered into a written agreement with the defendant for the purchase of a lot of land, he to pay therefor $300 and interest, $25 at date, $75 at four months, and the balance in one and two years thereafter; that he made the first and second payments, and part of the third; that in June, 1857, he offered to pay the balance, which was declined; that he thereupon tendered the balance and a deed, and demanded its execution, which was also refused, for the reason, as alleged, that the defendant had sold and conveyed the land to another.   The plaintiff then demanded a return of the money paid, which was also refused; wherefore judgment for the money advanced is demanded.

The answer admits the agreement as set forth in the complaint, the payments to the amount of $158, and denies all the other allegations.   It then sets up as a defense, that until the last payment became due, the defendant was ready and willing to perform said agreement, but the plaintiff neglected to perform the same on his part; that thereupon the said defendant elected to consider the contract absolutely void, &c.

On the trial, the proofs showed the payment of the first and second installments, and $58 on the third, in all $158; also the offer, tender, demands and refusals, as alleged in the complaint.   It further appeared that on the execution of the agreement, the plaintiff was let into possession of the premises, and so continued until April, 1857.   In May, 1855, the plaintiff left the country, and remained absent until June, 1857; that the defendant made diligent inquiry and search for the plaintiff, but was unable to find him or learn his whereabouts.   In April, 1857, the defendant went on to the premises, and demanded the money due and unpaid on said contract, and then and there declared the said contract void, and thereupon re-entered and took possession of said land.   In the winter of 1857 the defendant negotiated for the resale of the premises, and on the 15th of June, 1857, sold and conveyed the same.   It also appeared in proof that at all times

previous to the 15th June, 1857, the defendant was ready and willing to fulfill and perform said agreement.

Besides the usual, ordinary and necessary provisions of a land contract, the instrument executed by these parties contained these provisions: "Provided always, and these presents are upon this express condition, that in case of default of the said party of the second part, &c. in the performance of any or either of the covenants on his part to be performed, it shall and may be optional with the said party of the first part to abide by this contract, or consider it absolutely void. He may re-enter and dispose of the premises, &c., and the said party of the first part shall have the right at any time to recover the interest that may be due upon this contract for the period of actual possession, as rent for the use and occupation of the premises."

The last payment became due, by the terms of the agreement, on the 25th day of May, 1856; but the agreement was not declared void until April, 1857. Therefore, at the time of this declaration, the legal right to declare the contract forfeited for non-performance existed, independent of the clause in the contract reserving the right to declare it void in case of non-performance.

Had the defendant seen fit to exercise the right of forfeiture, or had he placed his defense upon that ground, and relied upon the sale and conveyance, as evidence of that fact, it is certain that the plaintiff could not have maintained this action. But the defendant, both in his answer and in his proof, places himself upon the right reserved in the contract; and that, as we have seen, was a right to declare the contract void in a certain contingency, and which contingency having happened, the defendant availed himself of.

The plaintiff insists that the defendant, under the power vested in him by the instrument itself, having declared the contract void, it is void *ab initio*, that is, as though no contract had ever existed. In other words, that the acts of the defendant were a rescission, and that the plaintiff may recover

Utter *v.* Stuart.

back money paid by him on such agreement, as for money had and received.

The defendant's counsel insists that such is not the fair construction of that clause of the agreement; that the meaning of the parties was that the defendant, upon the plaintiff's default, might be, and consider himself to be, released from the obligation of the contract—might consider it, so far as his promise was concerned, *thenceforth void,* not void *ab initio.*

I am of the opinion that the act of the defendant, being as it was exclusively under the authority reserved to him by the contract, must be regarded as a rescission of the agreement. If I am correct in this, then the right of the plaintiff to recover back the payment made, in an action for money had and received, is undoubted. (*Raymond* v. *Bearnard,* 12 *John. R.* 274. *Id.* 363. *Green* v. *Green,* 9 *Cowen,* 46. *Battle* v. *Rochester City Bank,* 4 *Comst.* 91.

In all cases where a party, having it in his power, cancels a contract, or declares it void, he should restore the other party to his former right, by repayment of money, or return of property, received on such contract; and failing to do so, he is liable to an action for its recovery. (*Penny* v. *Cameron,* 1 *Greene's (Iowa) Rep.* 380. 6 *Gill & John.* 424. 15 *Mass. Rep.* 319. 26 *Verm. Rep.* 476.)

The plaintiff is therefore entitled to recover in this action the amount of the money paid, less the price agreed for the rent of the premises.

[St. Lawrence Special Term, October 19, 1858. *James,* Justice.]