Isaac H. Tice, Respondent, *v.* William Zinsser, Appellant.

The rule, that upon the rescission of a contract for the sale of real estate the vendee is entitled to recover back what he has paid toward the purchase-money, does not apply where there is an express surrender by the latter of all claims under the contract.

The parties entered into a written agreement for the sale by defendant, and purchase by plaintiff, of certain premises; plaintiff paid $1,000 of the purchase-money down, and received possession of the premises. Subsequently, the parties executed an instrument by the terms of which each surrendered all his right, title and interest under and by virtue of the agreement, and agreed that the same "shall be canceled, and of no effect from this date;" the signatures and seals were torn from the original contract, and possession of the premises surrendered to defendant. In an action by plaintiff to recover back the payment made, *held*, that by the

release plaintiff gave up all right to the money paid, and hence could not maintain an action to recover it back. ·

*Utter* v. *Stuart* (30 Barb., 20); *Thrasher* v. *Bentley* (2 T. & C., 309); *Battle* v. *R. City Bank* (3 Conn., 88); *Gillett* v. *Maynard* (5 J., 85), distinguished.

*Tice* v. *Zinsser* (13 Hun, 366), reversed.

(Argued March 19, 1879; decided April 1, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, in favor of plaintiff, entered upon an order reversing a judgment in favor of defendant, and directing judgment for plaintiff. (Reported below, 13 Hun, 366.)

This action was brought to recover back a payment of $1,000 made upon a contract under seal for the sale by defendant and purchase by plaintiff of certain real estate. The plaintiff took possession, but subsequently an instrument, of which the following is a copy, was indorsed upon the contract, and executed under the hands and seals of the parties : " I hereby surrender all my right, title and interest under and by virtue of the within agreement   *   *   *   for and in consideration of the sum of one dollar, the receipt whereof is hereby acknowledged, and agree that the same shall be canceled and be of no effect from this date." The signatures and seals were torn from the original contract, and plaintiff surrendered possession of the premises.

Upon the trial, the court directed a verdict for plaintiff and reserved the case for further consideration, and subsequently ordered the verdict to be set aside and judgment rendered for defendant. Judgment was entered accordingly.   .

*Lewis Sanders*, for appellant. Plaintiff being in default on his contract on May 16 and 24, and July 1, 1871, could not, therefore, either recover his $1,000 or have a specific performance of his contract. (*Topping* v. *Root*, 5 Cow., 401; *Porter* v. *Rose*, 12 Johns., 209; *Lester* v. *Jewett*, 12 Barb., 506; *Van Schaick* v. *Winne*, 16 id., 92; *Steven-*

Opinion of the Court, per MILLER, J.

*son* v. *Maxwell*, 2 N. Y., 209; *Dunham* v. *Mann*, 8 id., 512; *Tipton* v. *Fectner*, 20 id., 425; *Fiskit* v. *Beiel*, 22 How., 125; *Hoyt* v. *Hall*, 3 Bosw., 42.)

*J. Stewart Ross*, for respondent. There having been a mutual rescission of the contract to sell and purchase, the same became void *ab initio*, and plaintiff was entitled to recover back the $1,000 paid by him, with interest from the date of rescission. (Leake's Digest of the Law of Contracts, 107; 2 Hilliard on Vendors, 65; 2 Hilliard on Contracts, 182; 2 Parsons on Contracts, 678; Gerard's Titles to Real Estate, 479; *Utter* v. *Stewart*, 30 Barb., 20; *Thrasher* v. *Bentley*, 2 N. Y. Sup. Ct. [T. & C.], 309; *Eno* v. *Woodwarth*, 4 Comst., 249; *Battle* v. *Rochester City Bank*, 3 Comst., 91; *Raymonds* v. *Bearnard*, 12 Johns., 274; *Green* v. *Green*, 4 Cow., 46.)

MILLER, J. At the time of the execution of the contract between the plaintiff and the defendant for the sale of the real estate described therein, the plaintiff paid the defendant, towards the consideration money, as provided, the sum of $1,000. No deed of the property was executed and delivered to the plaintiff, and in October following, the defendant executed to the plaintiff a writing, by which he surrendered all right, title and interest, under and by virtue of the agreement, to the plaintiff, and agreed that the same be canceled and should be of no effect from date. A duplicate of the same writing was also executed and delivered by the plaintiff to the defendant, and the signatures and seals of the parties were destroyed by tearing them from the original contract. The property which had been in possession of the plaintiff was also at the same time surrendered by the plaintiff to the defendant. The intention appears to have been that each party should surrender all rights acquired by virtue of the contract; and such was the language and effect of the instrument executed by each of them from the date of the same. The defendant gave up all claim to the pur-

chase-money and all right to enforce the contract, and the plaintiff all rights acquired by the contract to the premises and any interest or claim by virtue of the same.

Such being the legitimate effect of the instrument executed by each party, the question arises whether the plaintiff, by the rescission of the contract, upon the terms stated, was entitled to recover of the defendant the money which he had paid. As a general rule, where there is rescission by mutual consent, or by the terms of the contract, or the act of the vendor, the vendee is entitled to recover whatever he has paid toward the purchase-money : (Leake's Dig. of the Law of Contracts, 107; 2 Hill. on Contracts, 182 ; 2 Parsons on Contracts, 678; note *v* citing *James* v. *Cotton*; Gerard's Titles to Real Estate, 479 ; *Utter* v. *Stuart*, 30 Barb., 20 ; *Thrasher* v. *Bentley*, 2 Sup. Ct. [T. & C.], 309 ; *Battle* v. *Rochester City Bank*, 3 Coms., 91 ; *Gillett* v. *Maynard*, 5 Johns., 86.) This general rule does not, however, apply where there is an agreement connected with the rescission which restricts its operation and effect. Here there was a mutual release in writing, by each of the parties, of all right, title and interest under and by virtue of the contract; and in this respect the case differs very materially from one where there is no limitation and the surrender is without any qualification. The defendant clearly, under the circumstances, had no claim against the plaintiff for the balance of the consideration money remaining unpaid, nor the plaintiff against the defendant for the money which he had paid. The plaintiff, by his agreement, had expressly given up all his right to the $1,000, and hence cannot maintain this action to recover the same.

The authorities which uphold the right to maintain an action for the purchase money, upon the rescission of a contract for a sale of real estate, do not apply where there is an express surrender by the purchaser of all claim under the contract, as will be seen by reference to some of them. *Utter* v. *Stuart* (30 Barb., 20) was an action to recover back the purchase-money where the vendor, in pursuance of a right reserved in the contract of sale, had declared the con-

tract void, and entered on the land and sold the same to another party ; and it was held, that this amounted to a rescission of the contract, and the vendee could recover back the payments made by him in an action for money had and received. In *Thrasher* v. *Bentley* (2 N. Y. Sup. Ct. [T. & C.] 309), where the sale was rescinded by mutual agreement and the defendant took possession of the premises, it was held, that the vendee might recover the purchase-money paid, and the vendor could recover for the use and occupation of the premises. There was no special agreement as in the case at bar. In *Battle* v. *Rochester City Bank* (3 Coms., 88), the plaintiff had paid money to the defendant, which was to be applied upon a contract for the sale of land which the defendant was to execute to the plaintiff. The land contract was executed accordingly and the money indorsed as the first payment. The plaintiff failed to make the subsequent payments, and for that reason the defendant rescinded the contract, in pursuance of a provision therein. It was held, that the plaintiff could not recover, and when the contract was rescinded by the mutual consent of both parties, without the fault of either, they are restricted to the legal rights which they had immediately before the contract was made. It will be noticed that the rights of the parties here were also fixed by operation of law, and not by a written agreement. In *Gillett* v. *Maynard* (5 Johns., 85), a portion of the purchase-money upon a contract for the sale of real estate had been paid, possession taken by the vendee, and improvements made ; and after the vendee's death, his administrator tendered the balance of the purchase-money and demanded a deed, but the defendant refused to receive the money or to execute the deed, and took possession of the land, and sold and delivered the premises to a third person. It was held, that the contract was rescinded, and the plaintiff, the administrator, was entitled to recover the money paid by the intestate, but not for the labor he had expended and the improvements. There also the vendee had done no act which relinquished his right to the money which he had

paid. Without further examiantion of the cases cited, it is apparent that none of them are in point where the rescission rests upon a written instrument; and the terms of such instrument contain a release of all claims and a cancellation of the same.

The amount claimed by the plaintiff clearly arose under the contract of sale, and was embraced within the terms and the very letter of the agreement he subsequently executed. It was a part of his interest by virtue thereof; and when he surrendered all his right, title and interest under the same, and agreed that the contract from the date of the instrument be canceled and of no effect, he relinquished all claim to the $1,000 he had paid. The parties intended evidently to say, that from that time the plaintiff should be released from all further liability to pay; that the defendant should take possession of the premises; and that what each one had paid or lost by the contract should be given up, surrendered and canceled, as between themselves. The agreement of the parties having been reduced to writing, and such writing being susceptible of a plain interpretation, it disposes of the case.

It follows that the General Term erred, their judgment must be reversed, and the judgment rendered for the defendant should be affirmed.

All concur, except Danforth, J., not voting.

Judgment accordingly.