NAOMI S. HARRIS, Individually and as Executrix, etc., Respondent, *v.* HORACE HISCOCK, Appellant.

Plaintiff and L. M. H., her testatrix, executed a lease under seal of their interests to defendant, who went into possession under it. Subsequently, differences having arisen, the parties entered into an agreement under seal to submit the matters in difference to arbitrators, which contained a provision that "the lease shall be surrendered," the arbitrators to determine how much damage or compensation, if any, shall be paid by the lessors to the lessee "for such surrender." The lease was delivered to the arbitrators, who made an award which was set aside as void. Thereafter, L. M. H. and one of the arbitrators died. In an action to recover rent reserved by the lease, *held* that the agreement to arbitrate, at the

moment of its execution, operated as a surrender and cancellation of the lease; that neither the failure to make a valid award, nor the revocation of the submission by death of one of the arbitrators or of one of the parties operated to revive the lease; and that therefore the action was not maintainable.

(Argued January 26, 1883 ; decided February 9, 1883.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made February 10, 1882, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought by plaintiff individually and as executrix of the will of Lucy M. Harris, deceased, to recover rents alleged to be due under a lease of the interests of plaintiff and decedent in certain real estate to the defendant, which real estate was owned by the parties as tenants in common. The lease was executed under seal March 1, 1873, and defendant took possession under it.   Certain matters of difference in regard to the real estate and other things having arisen between the parties by an instrument in writing under seal, executed in September, 1873, the parties agreed to submit said matters to arbitrators named, for their decision and award, in which submission it was provided as follows, among other things : " The lease executed by Lucy M. Harris and Naomi S. Harris to Horace Hiscock, dated March 1, 1873, shall be surrendered by said Horace Hiscock to said Lucy M. and Naomi S. Harris, and said arbitrators   *   *   *   shall determine how much damage or compensation, if any, shall in justice and equity be paid by said Lucy M. Harris and Naomi S. Harris to said Horace Hiscock by reason of and for such surrender."   Pursuant to said submission said arbitrators made their award in writing, which was subsequently held void by this court (74 N. Y. 108).   The judgment entered upon the remittitur in that action declared the submission also null and void.   This was amended on appeal to this court (80 N. Y. 407).   Said Lucy M. Harris and one of the arbitrators have since died.   Further facts appear in the opinion.

*Hiscock, Gifford & Doheny* for appellant.   The portion of the award as to the lease should stand and be held valid, because distinct from and not dependent upon, and not exactly between the same parties as the other part thereof.   (*Hiscock* v. *Harrises,* 74 N. Y. 108 ; *Nichols* v. *R. C. M. Ins. Co.,* 22 Wend. 125, 129 ; *Smith* v. *Sweeny,* 35 N. Y. 291, 295 ; *Cox* v. *Jagger,* 2 Cow. 638, 649 ; *Bacon* v. *Wilber,* 1 id. 117.)   Awards are as much, if not more, favored than other instruments, in construing them so as to sustain them.   (*Jackson* v. *Ambler,* 14 Johns. 96, 102 ; Morse on Arbitrations, 411 ; Coke's Litt. 42 ; *McConnell* v. *Sherwood,* 58 How. 453, 460 ; *Purdy* v. *Delevan,* 1 Cain, 303 ; *Case* v. *Ferris,* 2 Hill, 75 ; *Perry* v. *Mitchell,* 2 D. & L. 452 ; *Fredricor* v. *Guardian M. Ins. Co.,* 62 N. Y. 392.)   The lease was terminated by the agreement to arbitrate.   (*Keep* v. *Keep,* 17 Hun, 152, 154 ; *Baldwin* v. *Barrett,* 4 id. 119, 120 ; *Schofield* v. *McGregor,* 63 N. Y. 638 ; *De Peyster* v. *Pulver,* 3 Barb. 284 ; *Fullager* v. *Reville,* 3 Hun, 602 ; 12 Johns, 274 ; *Battel* v. *Rochester City B'k,* 3 Comst. 88, 91.)   The absolute and comprehensive language of said agreement of submission, that "said lease shall be surrendered " and that the arbitrators shall determine how much compensation said Harrises shall pay said Hiscock for such surrender, merged said lease in said submission and terminated all said Harrises' right of action thereon.   (*Kirkland* v. *Dinsmore,* 62 N. Y. 170 ; *Lang* v. *N. Y. C. R. R. Co.,* 50 id. 76 ; *Wilson* v. *Dan,* 74 id. 531 ; *Renard* v. *Sampson,* 12 id. 561 ; *Langworthy* v. *Smith,* 2 Wend. 587 ; *Erie Co. S'vgs. B'k* v. *Roof,* 48 N. Y. 292 ; *Hill* v. *Foster,* 9 Barb. 18 ; *Viele* v. *Judson,* 82 N. Y. 32 ; *Weyh* v. *Boylan,* 85 id. 394, 399.)

*Oliver Porter* for respondent.   The adjudication that the award is invalid and of no effect, invalidates all subsequent proceedings depending solely upon it.   (*Rust* v. *Hauselt,* 8 Abb. N. C. 148, 154 ; *Hiscock* v. *Harris,* 80 N. Y. 402–407.)   The death of either party, or of the arbitrator, or one of them, will operate as a revocation of the submission.   (17 Ves. Ch. 281 ; 2 Kent's Com. [9th ed.] 872, 645 ; *McIntyre* v. *Morris,*

14 Wend. 90–95.)   The determination of the question whether the plaintiffs " in their own judgment required the money in their support," belonged absolutely to the plaintiffs, subject to no control.   (*Lyler* v. *Ames*, 6 Lans. 280 ; *Spring* v. *Ansonia Clock Co.*, 24 Hun, 175.)

FINCH, J.   When this case was first before us we awarded judgment absolute in favor of the defendant.   (74 N. Y. 108.) The extent and effect of that judgment was disputed, and it came back to us for explanation.   We then held that the award of the arbitrators was null and void, but left the submission undisturbed, and to stand for what it was worth.   (80 N. Y. 407.)   But while the submission was not affected by our judgment, it is now claimed to have been revoked by the death of one of the arbitrators and of one of the parties before an award lawfully made.   Granting the proposition for present purposes, it still does not follow that this recovery can be sustained.

This action is upon the lease.   It is founded on the covenant to pay rent.   It is not based upon defendant's use and occupation.   On the contrary, the value of such use and occupation under the existing circumstances was excluded, upon an objection that the lease fixed the amount of rent.   The plaintiff's rights, therefore, must stand upon the lease as a valid and subsisting agreement, or are without foundation. What occurred appears to have been this.   In March, 1873, a lease of the farm was made to the defendant for a term of twelve years and he went into possession under it.   Very soon difficulties sprang up between lessors and lessee.   The house was occupied by both parties, and the opportunities for quarrel were numerous.   The lessors desired to cancel the lease and be rid of the defendant, and he proved not unwilling.   As a result the arbitration agreement was made.   That was in writing and under seal and bore date of September, 1873.   It contained a provision in these words: " the lease executed by said Lucy M. Harris and Naomi S. Harris to Horace Hiscock, dated March 1, 1873, shall be surrendered by said Horace Hiscock to said Lucy M. and Naomi S. Harris, and said arbi-

trators * * * shall determine how much damage or compensation, if any, shall in justice and equity be paid by said Lucy M. Harris and Naomi S. Harris to said Horace Hiscock by reason of and for such surrender." This agreement on its face and at the moment of its execution amounted to an abandonment of the lease by mutual consent. (*Graves* v. *White*, 87 N. Y. 465; *Dubois* v. *The Delaware & Hudson Canal Co.*, 4 Wend. 290.) The tenancy constituted by a contract in writing under seal was ended by an instrument also in writing and under seal. The agreement to surrender, made and accepted, was itself a surrender since its operation was not postponed, and was in substance a contract annulling the lease. The further provision as to compensation recognized that meaning, and no other construction seems to us possible. In accordance with this understanding both parties acted. The defendant delivered up the written lease to the arbitrators that they might know it was canceled since their award was to be founded on that fact. The evidence makes it probable that they destroyed it, but whether they did or not is immaterial. A destruction or cancellation of the paper was wholly unnecessary. It was canceled by the sealed agreement of surrender. Both parties consented to end it and put their consent in writing. It was mutually abandoned, and ceased to exist. The lessee was relieved from its covenants and the lessors gained an immediate right of possession. Nothing remained but an equitable claim for compensation for the surrender of the term. That surrender was not the submission. It was a step preliminary; a condition agreed on. Whether the lease should or should not be surrendered was not left to the arbitrators, or involved in the submission. The parties themselves took care of that. They canceled the lease by written agreement, and submitted to the arbitrators only the question of a just compensation for the act done. The latter have made no valid award. That does not revive the dead lease. Possibly the submission is revoked. That does not undo the thing done. The lease was canceled by mutual agreement under seal. The failure of the arbitration cannot restore the abandoned contract. No suit, therefore, can be maintained upon it for it

does not exist. If Hiscock remained in possession he was not in under the lease. If he was liable for any thing it was not for the rent reserved. If he can sue for any thing it is not upon the covenants in the lease. It can only be for compensation for its surrender. At the date of the submission, it was not only the legal effect of the transaction that the lessors lost all right to the proportion of rent accrued, but such plainly was the intent of the parties; for their arbitration agreement implied, not that any thing was due the lessors, but that over and above the use which the lessee had of the land there was still some compensation due equitably for the surrender of the long term. And so the arbitrators understood it, for they sought to give him that compensation by allowing him without rent or charge the free use of the farm to the end of the first year. That award was void, but the revocation of the submission by death, and the failure of the award affected only the agreed remedies of the parties, and did not change their rights as they themselves had fixed them. What is called the submission was that, and something more. Outside of the agreement to arbitrate there was a contract to dissolve the lease. That did not depend upon the submission, or the life of the arbitrators. There remained to the lessors a right of possession, and to the lessee release from his covenants and a right to equitable compensation, although neither right could be enforced by the arbitration which had failed. In cases of contracts between vendor and vendee, rescinded and abandoned by mutual consent, the parties are restricted to the legal rights which each had before the contract was made. (*Battle* v. *Rochester City Bank,* 3 Comst. 88; *Tice* v. *Zinsser,* 76 N. Y. 549.) If the defendant is liable for his occupation after the surrender, it is not under the lease, or for the rent reserved, but for the fair value, if that shall exceed a just compensation for the surrender of his term.

The judgment should be reversed and new trial granted, with costs to abide the event.

All concur, except RUGER, Ch. J., and RAPALLO, J., taking no part.

Judgment reversed.