JOHN T. KELLY et al., Respondents, *v.* FRANCIS H. LEGGETT et al., Appellants.

Where a referee's finding of facts are inconsistent, the defeated party is entitled, on appeal, to the benefit of the finding most favorable to him.

(Argued June 6, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 24, 1888, which affirmed a judgment in favor of plaintiffs, entered upon the report of a referee.

This action was brought to recover a balance alleged to be due on a contract for putting a steam-heating apparatus into defendants' building. The defence was a failure to perform the contract. The referee found that there was a substantial

compliance on the part of plaintiffs with its terms. The court here, after an examination of the testimony, reached the conclusion that it was sufficient to sustain the finding.

The following is the closing portion of the opinion:

" The matter of compensation, to which the plaintiffs were entitled in view of the findings of the referee upon that subject, presents a question of more difficulty. While the defendants contend that the plaintiffs undertook to furnish the apparatus at cost to them, with fifteen per cent added, the latter claimed that they were to have cost for the materials, with fifteen per cent added, and for the labor employed, the usual price charged for it; and evidence was given by the parties tending to support the claims alleged by them respectively in that respect. In his report the referee found that the defendants promised to pay the plaintiffs for the erection of the apparatus and making the connections ' the cost price to the plaintiffs of the materials furnished, with fifteen per cent added thereto, and the usual charge for labor,' and based his conclusion of law upon the fact so found. At the defendants' request the referee also found that ' the plaintiffs agreed to construct the apparatus for the cost to them, with fifteen per cent added thereto.' The defendants are entitled to the benefit of the finding the most favorable to them. (*Bonnell* v. *Griswold*, 89 N. Y. 122.) And if the latter one is so, it must be deemed controlling, unless it can be reconciled with the former so as to harmonize them and give effect to both. (*Green* v. *Roworth*, 113 N. Y. 462.) It seems to embrace the entire work. If, as urged by the plaintiffs' counsel, the intention of the referee was not to include the labor in this finding, he failed to give to it the qualification requisite to manifest his purpose. And a new trial must be granted unless it can in some manner be obviated, as the charge made by and allowed to the plaintiffs for the labor employed exceeded the cost of it to them. It was not found what they did pay for the manual labor further than that the lowest price paid was twenty cents and the highest thirty-five cents per hour, but it did appear that they charged forty cents per hour for all of it; and that for the machine labor they charged eighty cents per hour. When one of the plaintiffs was asked if that was the

cost of the latter to them, he answered that it was the regular price, which was all the evidence given on the subject. It undoubtedly was usual to add to the price paid for labor employed something by way of profits and to cover the use of tools furnished and the expense of superintendence, and the evidence tends to prove that the charges made by the plaintiffs were at the usual rates. But here, in view of the finding of the referee, the question becomes one of cost of the labor to the plaintiffs, upon which there was no evidence other than that before mentioned. Nor is there any definite data furnished by the evidence upon which to base a correct statement of the cost of it. The number of hours of the labor performed appears by the evidence, and in any view which can be taken of this branch of the claim, the deduction, if the plaintiffs elect to make it, of two hundred and three dollars from the amount allowed for labor, must certainly have the effect to relieve the defendants from any prejudice resulting from the error in the conclusion of law in view of the finding made as requested. This gives the defendants the benefit of the terms of the contract as claimed by them.

" The judgment should be reversed and a new trial granted, costs to abide the event, unless the plaintiffs elect to deduct from the recovery two hundred and three dollars, with interest from August 3, 1882, and in that event the judgment, as so modified, be affirmed, without costs in this court to either party."

*George S. Hamlin* for appellants.

*James Watson* for respondents.

BRADLEY, J., reads for reversal.
All concur.
Judgment reversed.