IDA E. NICKELL, Appellant, *v.* HARRIET TRACY et al., Respondents.

APPEAL — INCONSISTENT FINDINGS. When findings of fact are contradictory and irreconcilable, the defeated party is entitled to the benefit of those most favorable to himself.

*Nickell* v. *Tracy,* 100 App. Div. 80, reversed.

(Argued March 26, 1906; decided April 3, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered

January 21, 1905, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank C. Ferguson* for appellant. The judgment must be reversed for the reason that it is inconsistent with the findings made in the decision in favor of the plaintiff's contention. (*Schwinger* v. *Raymond*, 83 N. Y. 192; *Wahl* v. *Barnum*, 116 N. Y. 87; *Kelly* v. *Leggett*, 122 N. Y. 87; *T. Nat. Bank* v. *Parker*, 130 N. Y. 415; *Bonnell* v. *Griswold*, 89 N. Y. 122.)

*A. G. Bartholomew* for respondents. The judgment in favor of defendants' contention is consistent with the findings. (*T. Nat. Bank* v. *Parker*, 130 N Y. 415; *Green* v *Roworth*, 113 N. Y. 462.)

EDWARD T. BARTLETT, J. This action is brought to foreclose a mortgage and to reform the same by correcting the description and certain alleged clerical errors.

In October, 1849, Boyden and wife executed and delivered to Hadley their certain bond for four hundred dollars payable in three years from date, with interest at seven per cent. As collateral security for the payment thereof the obligors executed and delivered to Hadley the mortgage in suit covering premises in the town of Darien, Genesee county. In February, 1851, Boyden and wife conveyed the mortgaged premises to Evan Rice. Thereafter Evan Rice died intestate leaving him surviving his widow, Mary Rice, and three children, Ellen Rice, plaintiff's mother; Harriet Tracy, one of the defendants, and William Rice, a son, his only heirs at law and next of kin. Upon the death of Evan Rice, intestate, the title of the mortgaged premises vested in his three children, subject to the dower interest of the widow and the mortgage in suit. Evan Rice or Mary, his wife, were in pos-

session of the premises until 1891, when Mary Rice died, her husband having predeceased her.

In May, 1864, Hadley assigned the bond and mortgage to Ellen Rice; the latter died in May, 1879, intestate, owning the said bond and mortgage; and in October, 1880, James E. Ford (not the defendant in suit) was appointed her administrator. Ellen Rice left her surviving a daughter, the plaintiff, who was her sole heir at law and next of kin. Prior to October 20th, 1880, the said James E. Ford was duly appointed the general guardian of plaintiff's person and estate. On the 20th of October, 1880, Ford, as administrator, assigned the bond and mortgage to himself as general guardian of plaintiff. The latter became of age in May, 1882, and married one John H. Nickell. Thereafter Ford, as plaintiff's general guardian, transferred to her the bond and mortgage in suit.

It is necessary to state a few more facts in order to understand the defenses interposed. In July, 1902, an attorney representing the defendant Harriet Tracy, who had agreed to sell the premises to James O. Ford, one of the defendants, addressed a letter to the plaintiff, who was a resident of Minneapolis, in the state of Minnesota, which reads, in part, as follows: "In examining titles to property owned by Mrs. Harriet Tracy located at Darien, Genesee County, N. Y., which was formerly owned by your grandmother, Mary Rice, I find that the chain of title is broken, and that there is missing from the county clerk's office of Genesee County the deed from your grandfather, Evan Rice. In order to complete the title, will you kindly sign the enclosed quit-claim deed from your grandfather, Evan Rice, acknowledging same before notary. Have a notary's certificate from the clerk of your county attached to the deed and return the same to me as soon as convenient." The letter also asked the plaintiff to discharge or satisfy the mortgage in suit. The plaintiff, replying to this letter, executed the quitclaim deed therein inclosed, but referred to her Buffalo attorney the mortgage matter. An affidavit was later sent to the plaintiff to execute, but she referred it to her attorney and same was not executed.

This letter is inconsistent with the facts as subsequently found. Neither the defendant Harriet Tracy nor her mother, Mary Rice, is shown to have had full title to the mortgaged premises; the former, apparently, inherited a third interest from her father, and the latter was vested with a dower right. There is no finding that Evan Rice ever conveyed the premises in question.

About August 27th, 1902, the attorneys for the plaintiff exhibited the bond and mortgage, with indorsements thereon, to the defendants' attorney and demanded payment of the same. It is found that Mary Rice, on the 19th of September, 1882, made a partial payment of ten dollars on the bond and mortgage, which was duly indorsed on the bond. On the 16th of September, 1902, this action was begun. The defendants Harriet Tracy and James O. Ford interposed separate answers. After trial duly had, the Special Term found as conclusions of law that the bond and mortgage, under and by operation of law, had become paid and satisfied, and that the complaint should be dismissed, with costs. Judgment was entered accordingly.

Four distinct defenses were raised by the answers: (1) That the plaintiff was equitably estopped from enforcing the collection of the mortgage because of certain statements which she had made, to the effect that it was not a valid lien or incumbrance upon the property; (2) that the mortgage had been fully paid and satisfied by virtue of an oral agreement between Ellen Rice, plaintiff's mother, and Mary Rice, her grandmother, whereby said Mary Rice cared for the plaintiff from the time of her birth until she was seven years of age; the plaintiff was born in 1861; (3) the Statute of Limitations, it being alleged that more than twenty years had elapsed since the last payment was made of principal or interest; (4) that the execution and delivery of the said quitclaim deed by the plaintiff, while she was the owner of the mortgage, to the defendant Tracy operated as a release.

The learned Appellate Division held that the first two defenses were not established, and that the evidence relating

to the same was clearly incompetent and improperly admitted over plaintiff's objections and exceptions. The third and fourth defenses were deemed proved, and the judgment of the Trial Term was affirmed.

We have felt called upon to make a rather full statement of the facts and procedure in order to bring out clearly the point made by plaintiff's counsel, that we are confronted by inconsistent findings of fact, and the well-settled rule that where the findings are contradictory and irreconcilable the defeated party is entitled to the benefit of those most favorable to himself. (*Schwinger* v. *Raymond*, 83 N. Y. 192; *Bonnell* v. *Griswold*, 89 N. Y. 122; *Wahl* v. *Barnum*, 116 N. Y. 87; *Kelly* v. *Leggett*, 122 N. Y. 633; *Traders' Nat. Bank* v. *Parker*, 130 N. Y. 415.)

Notwithstanding the fact that the Appellate Division has decided that the bond and mortgage are cut off by the Statute of Limitations, and that the mortgage has been released by quitclaim deed, we have findings of the trial court as follows: " (8) that the said Ida E. Nickell was the owner of said bond and mortgage at the time of the commencement of this action and at the time of the trial thereof; (14) that there was unpaid upon said bond and mortgage at the date of said trial, November 1st, 1903, $538.18."

In the face of these findings and others that are more or less contradictory, as already pointed out, this judgment cannot stand. The discussion of the present situation will doubtless result in bringing out, on another trial, all the material facts. We express no opinion as to the merits.

The judgment appealed from should be reversed and a new trial granted, with costs to the plaintiff in all the courts to abide the event.

CULLEN, Ch. J., GRAY, WERNER and CHASE, JJ., concur; O'BRIEN, J., absent; HISCOCK, J., not sitting.

Judgment reversed, etc.