JOHN WHALEN, Respondent, v. INGLIS STUART et al., as Executors of and Trustees under the Will of WILLIAM F. BUCKLEY, Deceased, Appellants.

NELLIE DUKE, Respondent, v. INGLIS STUART et al., as Executors of and Trustees under the Will of WILLIAM F. BUCKLEY, Deceased, Appellants.

Appeal — findings — election of remedies — commencement of action to reform contract, a bar to subsequent action for specific performance — order resettling judgment — unauthorized provision.

Where there are inconsistent findings the appellant is entitled to the benefit of those most favorable to him.

A finding of fact does not lose its character by being misplaced or misnamed. A so-called conclusion of law may be treated as a finding of

fact for the purpose of upholding a judgment, and it may be so treated for the purpose of reversal.

In an action for specific performance the trial court found that on the date finally fixed for closing the contract in question "the vendee did not insist on the performance of the contract but demanded the return of her money (and expense) and a rescission of the contract ;" and further that "The contract, the subject of this action, was terminated by the parties thereto." *Held*, that these findings are repugnant to the conclusion that plaintiff is entitled to specific performance.

The vendee also brought suit to have the contract so reformed as to enable her to recover back her deposits with damages because of the alleged unmarketability of the title to some of the property included in one of the contracts of sale, which she claimed constituted but a single agreement. *Held*, that the facts show a conclusive election of a remedy that is absolutely inconsistent with the right to maintain the present action for specific performance, and where a party has an election between two inconsistent remedies he is bound by that which he first chooses.

In the vendee's action to reform the contract the Appellate Division on re-settling the judgment made an order adding to the judgment affirming a dismissal of the complaint a provision that the judgment should not be a bar to an action by the vendee for the specific performance of the contract. This clause was not authorized, since it was not in the power of the court to continue the cause of action for specific performance, which the vendee had voluntarily abandoned.

An order resettling a judgment is not an order finally determining a special proceeding and is not appealable as of right to this court.

*Whalen* v. *Stuart*, 123 App. Div. 446, reversed; *Duke* v. *Stuart*, 115 App. Div. 898, appeal dismissed.

(Argued February 17, 1909; decided March 5, 1909.)

APPEAL in the first above-entitled action from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 23, 1908, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

Appeal in the second above-entitled action from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 13, 1906, granting a motion for the resettlement of a former judgment of that court.

In March, 1903, one Nellie Duke entered into an agree

ment with the defendants, under which the latter agreed to sell and the former agreed to buy, nine lots situate on Amsterdam avenue between 157th and 158th streets in the borough of Manhattan in the city of New York. The purchase price was $140,000, of which $5,000 was paid when the agreement was signed and the balance was to be paid upon the delivery or tender of the deed as provided for in the agreement. Contemporaneously with the execution of that agreement the same parties also executed another, pursuant to which the defendants in their individual capacity agreed to sell, and the said Nellie Duke agreed to buy, two other parcels of land, one of which is situated on the Boulevard and the other on 157th street. This latter contract was thereafter consummated so far as it relates to the lot on 157th street. The contract for the boulevard lot was not completed. It is not in litigation in this suit, however, and is referred to only because of the attitude which the vendee assumed toward both contracts. The 1st of July, 1903, was the day fixed for the tranfer of title, but various postponements were agreed to until ·about October 1st, 1903, when an indefinite adjournment was taken owing to the pendency of a suit affecting the title of the property in suit, and, incidentally, the boulevard lot as well. In that behalf it appears that Buckley, the testator of the defendants, acquired his title to the Amsterdam avenue lots through a quitclaim deed from one Sarah Harris which was later confirmed by her will. In May, 1903, one Williams, who claimed to be a nephew of Sarah Harris, brought a suit for the partition of the Amsterdam avenue lots. He based his claim of right to partition upon the alleged failure to cite him before the Surrogate's Court upon the probate of the will of his aunt, and upon the alleged fraud and undue influence under stress of which he claimed that she had executed the deed and will referred to. In that suit he served the defendants with the summons, and filed the *lis pendens* and complaint. This situation raised the question whether there was a cloud upon the defendants' title, and as to that there seems to have been

32

some difference of opinion. Whether the title was actually unmarketable is not important for present purposes. It is enough to say that the defendants appeared in that action and demanded a copy of the complaint which was refused. Following this refusal and in August, 1903, the defendants moved at Special Term for an order that the complaint should be dismissed unless within five days a copy was served. This order was not complied with, but on August 31st, 1903, after the five days had expired, Williams obtained an order extending for twenty days his time to serve a complaint. Within that twenty days Williams made service upon the defendants who promptly returned the complaint with the objection that the time for service had expired. This was followed by a motion to compel the defendants to receive service of the complaint, and that motion resulted in an order requiring the defendants to accept service of the complaint unless within two days they should move to vacate the order extending time to serve it. Such a motion was made and on October 7th, 1903, the late Mr. Justice BARRETT rendered a decision dismissing the complaint in that action. The order upon that decision was not entered, however, until October 12th, 1903, and the judgment of dismissal was docketed as of October, 17th, 1903.

Thus matters stood on the 7th day of October, 1903, when there was a meeting of the parties to the contract now before the court for the purpose of fixing the date of closing. This was fixed as for the next day, October 8th, 1903. At that time the parties met, not to close the contract, but " to determine the relations of the parties, and make tenders to fix their respective decisions, claims and demands." The vendee, plaintiff's assignor, then claimed that the contracts for the three pieces of land constituted one transaction, and that she was entitled to " all or none." She also insisted that the title to the Boulevard lot was not marketable and that seemed to be the principal objection to the taking of the title of the premises in suit. Be that as it may, the trial court has found that on October 8th, 1903, " the vendee did not insist

on the performance of the contract, but demanded the return of her deposit (and expense) and the rescission of the contract."

A second chapter in the history of the case must be briefly outlined. On the 27th of November, 1903, the vendee, plaintiff's assignor, commenced an action against the defendants in which she asked for a reformation of the contract as to the Amsterdam avenue lots by inserting therein a clause to the effect that it was conditioned upon the fulfillment of the contract relating to the property on the Boulevard and 157th street. The complaint alleged that the title to the Boulevard lot was unmarketable and prayed for judgment that the vendors return to the vendee the amount of her deposit or payment on the contract relating to the Amsterdam avenue property, and for damages. That action was brought to trial and the complaint was dismissed on the merits, but without prejudice to the vendee's right to maintain an action to recover her deposit with damages. Upon appeal to the Appellate Division that judgment was affirmed, but subsequently modified so that it should not be a bar either to a suit for specific performance or an action to recover the vendee's deposit, payment and damages. In October, 1905, the vendee assigned the contract to the plaintiff, and then this suit was brought.

*David B. Hill, W. P. Prentice* and *R. K. Prentice* for appellants in first action. The finding of the Special Term that "The contract, the subject of this action, was terminated by the parties thereto on October 8, 1903," is fatal to a recovery for specific performance on the part of the plaintiff herein. (*Cox* v. *Stokes*, 156 N. Y. 491 ; *Parker* v. *Baxter*, 86 N. Y. 586.) The proposition that a misplaced finding of fact can never be utilized to reverse a judgment, but only to sustain it, cannot be sustained. (*J. C. Bank* v. *Dewey*, 181 N. Y. 115 ; *Evans* v. *Howell*, 75 Hun, 199 ; *Matter of Clark*, 119 N. Y. 427.) The findings of fact, as well as the conclusions of law, are so inconsistent and contradictory that it is impossible to harmonize them, and upon that ground alone the judgment herein should be reversed and a new trial granted.

(*Schwinger* v. *Raymond,* 83 N. Y. 192; *Bonnell* v. *Griswold,* 89 N. Y. 127 ; *Bennett* v. *Bates,* 94 N. Y. 354; *Health Dept.* v. *Purdon,* 99 N. Y. 237; *Israel* v. *M. Ry. Co.,* 158 N. Y. 624; *City of Buffalo* v. *D., L. & W. R. R. Co.,* 190 N. Y. 84; *Elterman* v. *Hyman,* 192 N. Y. 113.)

*Benjamin N. Cardozo, Edward W. Hatch* and *Harold Swain* for respondent in first action. Specific performance is not defeated by the seventh conclusion of law to the effect that the contract was terminated October 8, 1903. (*Green* v. *Roworth,* 113 N. Y. 462; *Redfield* v. *Redfield,* 110 N. Y. 671; *Bennett* v. *Bates,* 94 N. Y. 354; *T. Nat. Bank* v. *Parker,* 130 N. Y. 417; *Israel* v. *M. R. Co.,* 158 N. Y. 624; *Graves* v. *White,* 87 N. Y. 465 ; *A. M. Co.* v. *Humble,* 153 U. S. 551; *Bigler* v. *Morgan,* 77 N. Y. 312; *Davis* v. *R. R. Co.,* 192 N. Y. 128; *Elterman* v. *Hyman,* 192 N. Y. 113.) While a conclusion of law may be treated as a finding of fact for the purpose of affirming a judgment, it will never be so treated for the purpose of reversal. (*G. L. Ins. Co.* v. *Casey,* 98 App. Div. 88; 184 N. Y. 554; *Adams* v. *Fitzpatrick,* 125 N. Y. 124; *Berger* v. *Varrelman,* 127 N. Y. 281; *Murray* v. *Marshall,* 94 N. Y. 611; *Parker* v. *Baxter,* 86 N. Y. 586; *C. St. Ry. Co.* v. *T. T. St. Ry. Co.,* 149 N. Y. 51; *Cox* v. *Stokes,* 156 N. Y. 491; *Parsons* v. *Sutton,* 66 N. Y. 96; *Matter of Health Dept.* v. *Weekes,* 22 App. Div. 110; *Hamilton* v. *Fleckenstein,* 117 App. Div. 579.) The contention is untenable that, by the institution of the first suit of *Duke* v. *Stuart,* there was an election of remedies by the plaintiff, or his assignor, whereby his right to specific performance was destroyed, and the contract rescinded. (*Graves* v. *White,* 87 N. Y. 465; *A. M. Co.* v. *Humble,* 153 U. S. 551; *Crossman* v. *U. R. Co.,* 127 N. Y. 34; *Heidelbach* v. *Nat. Park Bank,* 87 Hun, 117; *R. R. Co.* v. *Boody,* 56 N. Y. 456 ; *Welch* v. *Seligman,* 72 Hun, 138; *Kenny* v. *Kiernan,* 49 N. Y. 164; *Henry* v. *Herrington,* 193 N. Y. 218; *McNutt* v. *Helkins,* 80 Hun, 235; *Koke* v. *Balken,* 15 App. Div. 415.) The contention is untenable that the

conduct of the parties on October 8, 1903, establishes an election by the plaintiff to treat the contract as rescinded, and that the remedy of specific performance is barred thereby. (*Haas* v. *Selig*, 27 Misc. Rep. 504; *Baumann* v. *Jefferson*, 4 Misc. Rep. 147; *Parker* v. *Baxter*, 86 N. Y. 586; *Adams* v. *Fitzpatrick*, 125 N. Y. 124.)

*David B. Hill*, *W. P. Prentice* and *R. K. Prentice* for appellants in second action. The order is appealable whether it be considered an order in the action of *Duke* v. *Stuart* finally determining the same, or an order in a special proceeding after the action of *Duke* v. *Stuart* had ended, to affect the trial of like issues in the action of John Whalen against these defendants. (Code Civ. Pro. § 190, subd. 1; *Merges* v. *Ringler*, 158 N. Y. 701; *Matter of Talmadge*, 160 N. Y. 512; *Moulton* v. *Cornish*, 138 N. Y. 143; *Judson* v. *C. V. R. R. Co.*, 158 N. Y. 597, 601; *Eaton* v. *E. R. R. Co.*, 51 N. Y. 544; *E. R. R. Co.* v. *Stewart*, 170 N. Y. 172; *Shrady* v. *Van Kirk*, 77 App. Dv. 261.)

*Benjamin N. Cardozo*, *Edward W. Hatch* and *Harold Swain* for respondent in second action. The order granting the motion to resettle the order previously entered is not reviewable by this court. (*Van Arsdale* v. *King*, 155 N. Y. 325; *People* v. *A. L. & T. Co.*, 150 N. Y. 117; *Matter of Halsey*, 93 N. Y. 48; *Buckingham* v. *Dickinson*, 54 N. Y. 682; *Baker* v. *H. L. Ins. Co.*, 63 N. Y. 630; *Majoriett* v. *Saenz*, 80 N. Y. 553.)

WERNER, J. As the record stands the case is very simple, notwithstanding the extended statement of facts which is essential to a proper comprehension of the questions which are decisive of this appeal. The suit is brought to enforce specific performance of a land contract. It is prosecuted by the assignee of the vendee and, of course, the plaintiff must abide by the case made for him by his assignor. At Special Term the plaintiff was awarded the judgment prayed for in

the complaint, and upon appeal to the Appellate Division that judgment was unanimously affirmed. If the findings made at Special Term were consistent with each other and with the conclusions of law upon which the judgment is based, the unanimous affirmance at the Appellate Division would preclude any disturbance of the judgment in this court. But that is not the case. While the larger number of the findings are such as to justify and require the judgment rendered, they are opposed by at least two others which are so inconsistent and controlling as to forbid that judgment. The rule is well settled that an appellant who seeks to reverse a judgment which is based upon inconsistent findings is entitled to the benefit of those that are most favorable to him. (*Bonnell* v. *Griswold,* 89 N. Y. 122 ; *Kelly* v. *Leggett,* 122 N. Y. 633 ; *Traders' Nat. Bank* v. *Parker,* 130 N. Y. 415 ; *Israel* v. *Manh. R. Co.,* 158 N. Y. 624 ; *Nickell* v. *Tracy,* 184 N. Y. 386 ; *City of Buffalo* v. *D., L. & W. R. R. Co.,* 190 N. Y. 84, 98.) The application of this rule to the case at bar is determinative of the result, because the findings are not only inconsistent but irreconcilable. Without referring to those findings which are concededly appropriate to the judgment rendered, we will quote from the two which are diametrically opposed to them. The nineteenth finding of fact is that, "On the adjourned date for closing the contract in suit, October 8th, 1903, the vendee did not insist on the performance of the contract, but demanded the return of her deposit (and expense) and the rescission of the contract." Under the head of conclusions of law the seventh finding reads : "The contract, the subject of this action, was terminated by the parties thereto October 8th, 1903." Although this is placed with the court's conclusions of law it is really a finding of fact or at least a mixture of fact and law. We have, therefore, a finding that the contract has been terminated and another that the plaintiff elected to rescind the contract. These findings are utterly repugnant to the conclusion that the plaintiff is entitled to specific performance. So apparent is this inconsistency as to almost compel the inference that it must be due to one of

those mistakes which will sometimes occur in spite of the utmost care. Counsel for the plaintiff respondent, clearly appreciating his dilemma, invokes the rule that findings must be given a reasonable construction, and when inconsistent they must, if possible, be reconciled. He argues that " it is not to be presumed that any Justice of the Supreme Court would give a plaintiff specific performance of a non-existent contract." The concluding words of that sentence clearly reveal the extremity to which counsel is driven. The contract is not " non-existent," nor is the finding of the court susceptible of any such meaning. Fairly construed, the finding implies that the contract has been terminated for the purpose of enforcement, but is still in existence for the application of the remedy which enables a vendee to recover back what he has paid upon land which the vendor either will not or cannot convey. The difference between a " non-existent " contract and one that is terminated because of the vendor's refusal or inability to perform is aptly illustrated by two cases recently decided in this court and cited by counsel for the respondent. In *Davis* v. *Rosenzweig Realty Op. Co.* (192 N. Y. 128) it was held that the vendee's rescission of the contract for the fraud of the vendor, dissolved it *ab initio*, so that there could be no lien upon the land for the amount of the purchase price which had been paid. And in *Elterman* v. *Hyman* (192 N. Y. 113) it was decided that a vendee who declines to perform on account of defects in title, does not rescind the contract by his suit to impress a lien upon the property for the amount of his deposit. That was held to be, not an avoidance of the contract, but an affirmance thereof. It was terminated as to performance, but existed for the purpose of impressing upon the property the vendee's lien. The finding in the case at bar is that the contract was terminated by the parties, and, to use counsel's own language, " that implies a mere termination of performance which left the contract itself in force." If it was terminated as to performance, it must also be regarded as terminated in respect of the right to insist upon performance.

But counsel for the respondent further contends that even if the so-called conclusion of law as to the termination of the contract might be treated as a finding of fact for the purpose of upholding the judgment, it cannot be so treated for the purpose of reversal.　In support of that contention he cites *Parker* v. *Baxter* (86 N. Y. 586); *Murray* v. *Marshall* (94 N. Y. 611); *Adams* v. *Fitzpatrick* (125 N. Y. 124); *Berger* v. *Varrelmann* (127 N. Y. 281); *Christopher & Tenth St. R. R. Co.* v. *23rd St. Ry. Co.* (149 N. Y. 51), and *Germania Life Ins. Co.* v. *Casey* (184 N. Y. 554).　It is true that these cases hold that a finding of fact improperly classified as a conclusion of law may be regarded as transposed into its proper place for the purpose of upholding a judgment, but our attention has been directed to no authority holding that the same thing may not be done for the purpose of reversing a judgment. And why, upon principle, should there be any difference? A finding of fact does not lose its character by being misplaced or misnamed.　To borrow the language of Judge Vann in a recent case : " It is unnecessary to label either the facts or the law, because they classify themselves according to their nature and cannot be changed if classified wrongly, by court or counsel.　If a fact is characterized as a conclusion of law, that does not make it one, for it is a fact still, regardless of the name given to it." (*Jefferson Co. Nat. Bank* v. *Dewey*, 181 N. Y. 115.)　This is from a dissenting opinion, but the case turned upon a point not involved in the case at bar, and the decision there made is not in conflict with the rule so aptly stated in the quotation.　If it were necessary to rest our decision upon the single point which we have thus far discussed, we should deem it sufficient to authorize the reversal of the judgment and the granting of a new trial.

There is another aspect of the case, however, which we think conclusively bars the plaintiff's right to specific performance and requires the dismissal of the complaint as well as the reversal of the judgment.　The trial court found that on the date finally fixed for closing the contract " the vendee did not insist on the performance of the contract, but demanded

the return of her deposit (and expense) and the rescission of the contract." That this finding correctly represents the attitude of the plaintiff's assignor is conclusively shown by her prompt commencement of a suit to have the contract so reformed as to enable her to recover back her deposit, with damages, because of the alleged unmarketability of the title to the boulevard property. Her contention was that the two contracts, although separate in form, were in reality but a single agreement, under which she could refuse to take a conveyance of any of the land if the title to either of the parcels were defective. This was a conclusive election of a remedy that is absolutely inconsistent with her present claim of right to specific performance. Then and there the vendee decided to abandon any right which she may have had to insist upon a specific performance of the contract in suit. She elected to treat the contract as existing only for the purpose of getting back the money which she paid, and of recovering the damages which she claims to have suffered. By that election she is bound. Where a party has an election between two inconsistent remedies, he is bound by that which he first chooses. (*Rodermund* v. *Clark*, 46 N. Y. 354; *Moller* v. *Tuska*, 87 N. Y. 166; *Harris* v. *Hiscock*, 91 N. Y. 340, 345; *Bowen* v. *Mandeville*, 95 N. Y. 237; *Slaughter* v. *La Compagnie Francaises Des Cables Tel.*, 119 Fed. Rep. 588.)

At this point in the discussion we must notice the attempted appeal of the defendants from the order of the Appellate Division resettling the judgment in the vendee's action to reform the contract. That order added to the judgment affirming the dismissal of the complaint, a provision to the effect that the judgment should not be a bar to an action by the vendee either for the specific performance of the contract, or for the recovery at law of the amount paid by the vendee upon the execution of the contract, together with disbursements for examining title. That saving clause, so far as it relates to the vendee's right to maintain an action at law to recover her deposit and disbursements, was clearly authorized, because it was entirely consistent with the election which the

vendee had made; but it was beyond the power of the court to continue the cause of action for specific performance which the vendee had voluntarily abandoned. To the extent that the order was designed to resurrect that issue, which the vendee had elected to bury, it was unauthorized. But, conceding this, the appeal is not well taken, for the order is not one finally determining a special proceeding, and the appeal is not from the judgment which the order purports to amend. (*Van Arsdale* v. *King*, 155 N. Y. 325.)

The appeal from the order resettling the judgment in *Duke* v. *Stuart et al.* is, therefore, dismissed, with costs, and the judgment herein is reversed and the plaintiff's complaint dismissed, with costs in all courts.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment accordingly.