CLARKSON BUILDING CORPORATION, Plaintiff, *v.* SCHAFER-NEBEN-ZAHL INVESTING CO., INC., Defendant.

Supreme Court, Kings County, January 12, 1931.

*Smith, Reiher & Griffin* [*James J. McLoughlin* of counsel], for the plaintiff.

*Jasie & Solomon* [*Daniel Levy* of counsel], for the defendant.

CROPSEY, J. This action arises out of a contract for the purchase and sale of real property. The plaintiff was the owner and seller; the defendant, the assignee of the buyer. At the time fixed for closing the plaintiff breached the contract and did it willfully and arbitrarily. This was in August, 1929. Thereupon the defendant promptly brought an action, seeking specific performance. This plaintiff defended the action and opposed the relief sought until the end of November, 1929, when plaintiff offered to carry out the contract and to consent to judgment being granted in favor of this defendant, who was the plaintiff in that action. Evidently by that time this defendant did not want specific performance. The reason for the change of heart and attitude by both of the parties is evident. There had been a decided change in the financial situation and in the real estate market. This plaintiff, as defendant in the other action, then moved to compel the plaintiff therein (the defendant here) to accept the offer of judgment and to have a judgment entered directing specific performance. This defendant opposed that motion and moved on its own behalf for leave to discontinue the action. The latter motion was granted and the former motion was denied. Thereupon this action was brought in which the plaintiff seeks specific performance. The defendant denies the right of the plaintiff to specific performance and pleads a counterclaim for the down payment and the expenses of the search.

It is plain that the plaintiff is not entitled to specific performance. The only question requiring any real consideration is whether defendant may succeed on its counterclaim. Plaintiff urges that it may not because, by having previously brought an action for specific performance, defendant may not now seek to recover back the amount paid. There seems, however, to be no reason why this may not be done. Plaintiff's counsel talks about election of remedies and inconsistent positions taken by the defendant but there really seems to be none of those things. The defendant at no time has sought a rescission of the contract. At all times it has insisted that the plaintiff breached the contract and has sought redress for that breach. In the first action the defendant here sued upon the contract and sought to compel the plaintiff to carry it out. In its counterclaim in the present action defendant sues upon the contract and seeks to recover damages for plaintiff's breach of it. In fact this is the usual alternative relief sought in an action for specific performance. This statement would seem to be almost sufficient to show that there is no merit in the plaintiff's contention. There is nothing inconsistent in the claims of the defendant. (See *Schenck* v. *State Line Telephone Co.*, 238 N. Y. 308.) The plaintiff treats the defendant's counterclaim as though

defendant had rescinded the contract and was seeking to recover the down payment as money had and received. While the defendant might have followed that course, he did not. Pursuing such remedy, there would be no right to recover the costs of the search, and those are expressly included in the counterclaim. That is an item of the damage sustained where a seller fails to carry out the contract. (*Northridge* v. *Moore*, 118 N. Y. 419.) Such an action is not based upon a rescission of the contract but upon an affirmance of it. (See *Elterman* v. *Hyman*, 192 N. Y. 113, at 125, 126.)

That a claim for legal damage flowing from the breach of a contract for the sale of real property is not inconsistent with a claim for specific performance is shown by a recent case (*Bulkley* v. *Rouken Glen, Inc.*, 222 App. Div. 570). There the action was for specific performance. The court, however, held that that could not be decreed as the seller was unable to deliver title, and thereupon gave judgment to the buyer for the amount of his legal damages.

The case of *Whalen* v. *Stuart* (194 N. Y. 495), cited by plaintiff, is not at variance with the other cases mentioned. There it was found as a fact that the contract had been terminated by the parties.

The defendant is entitled to judgment dismissing the complaint and for a recovery upon its counterclaim for the amount of the down payment and the expenses of the search, with costs. Settle findings and judgment on notice.