■ GEORGE PFEIL et al., Respondents-Appellants, v ELKCOM CO., INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendants (And a Third-Party Title); DAN MITCHELL & SONS, INC., Defendant and Third-Party Defendant and Second Third-Party Plaintiff-Respondent; L. K. COMSTOCK Co., INC., Second Third-Party Defendant-Appellant.—In an action to recover damages for negligence and breach of warranty, the appeals are from an interlocutory judgment of the Supreme Court, Kings County, entered September 20, 1974, after a jury trial limited to the issue of liability only, which, *inter alia,* is in favor of plaintiffs against defendant Elkcom Co., Inc., upon a directed verdict, except from so much thereof, as limited by plaintiffs' brief, as is in favor of defendant Abbondandolo and against plaintiffs. Interlocutory judgment reversed insofar as appealed from, upon the law and in the exercise of discretion in the interest of justice, action severed, and new trial granted as among all parties except defendant Abbondandolo, with costs to abide the event. In this case, the plaintiff George Pfeil was injured when a compressor being pulled by a dump truck owned by defendant Elkcom, which was leased and operated by appellant L. K. Comstock Co., Inc., and modified by defendant Dan Mitchell & Sons, Inc., broke free from

its tow and smashed into a parked car in which he was seated. The issues at trial, *inter alia,* related to the welding of the towing apparatus (called a pintle hook) by Mitchell, the inspection of the welding by Elkcom, and the method by which Comstock secured the compressor to the pintle hook and Comstock's use of safety chains. In our opinion, the jury's answers, in the form of a special verdict to questions 2 and 4 propounded by the trial court, were diametrically opposed and were therefore irreconcilable (see *Whalen v Stuart,* 194 NY 495, 502). The questions posed the issue of the liability of Elkcom and Mitchell in terms of the latter's failure to properly weld the pintle hook assembly and the former's failure to inspect the work after it was completed. The jury answered that Mitchell was not negligent in welding but that Elkcom was negligent in failing to inspect. The answers are irreconcilable because, if Mitchell did not create a faulty weld, Elkcom's failure to inspect the same could not have been the proximate cause of the accident. The trial court attempted to reconcile these contradictory findings by stating that the jury could have found Elkcom liable for its failure to order the truck in question equipped with tow rings through which to pass a safety chain. However, this issue was not subsumed in the questions answered in the special verdict. Thus the court was required to indulge in conjecture as to the grounds upon which the jury reached its special verdict. The law and the interests of justice require that findings of liability not rest upon such foundations. Martuscello, Margett, Christ and Shapiro, JJ., concur; Hopkins, Acting P. J., dissents, and votes to affirm the interlocutory judgment insofar as appealed from, with the following memorandum: I find no inconsistency in the verdict. The jury could have found on the evidence adduced that defendant Elkcom was liable and that defendant Mitchell should be exculpated.