■ In the Matter of R. H. MACY & Co., INC., Respondent, v. NATIONAL SLEEP PRODUCTS INC., Appellant.— Order, Supreme Court, New York County, entered April 17, 1974, granting petitioner's application to stay arbitration to the extent of directing a reference "on the question as to whether or not the contract has indeed been abandoned", unanimously reversed, on the law, and the stay of arbitration denied. Appellant shall recover of respondent $40 costs and disbursements of this appeal. In 1949 the parties entered into an agreement pursuant to which the respondent was to manufacture mattresses bearing the name Macy's and petitioner Macy's was obligated to purchase its requirements of mattresses for sale in all New York stores up "to 700 Mattresses per week before [it ordered] Mattresses from any other person". In 1972, respondent, by letter, informed petitioner concerning the latter's failure to order the minimum number of mattresses as provided in the contract. Subsequently, efforts to negotiate and adjust the matter proved unsuccessful and accordingly respondent sought arbitration pursuant to the arbitration clause in the 1949 agreement. Petitioner applied for a stay of arbitration, urging that the 1949 agreement had been abandoned in 1953 when the parties entered into a new arrangement for the manufacture of units of box springs and mattresses. The respondent, however, maintained that the 1949 agreement was in continuous effect throughout the years and that the parties performed pursuant to the terms of the original agreement, except of course, to the extent

that the petitioner failed to order a minimum amount of mattresses in the last several years. Special Term found that it could not be determined from the papers whether the 1949 agreement had been abandoned and concluded that since the arbitration clause in issue was narrow, the question raised with respect to abandonment should be determined by the court, and accordingly, directed a reference on that question. It is clear that the 1949 agreement contained a valid arbitration clause. Specifically, the clause provided as follows: "In the event of any dispute as to the performance of any provision of this agreement, same shall be submitted to arbitration". It has been held that where there is a broad arbitration clause "issues relating to subsequent acts which may effect a cancellation or termination of the prior contract are properly within the arbitrator's jurisdiction to decide." (*Matter of Riccardi* [*Modern Silver Linen Supply Co.*], 45 A D 2d 191, 195–196, and cases cited therein.) It is argued, however, that the arbitration clause herein is narrow and therefore, that the arbitrators do not have jurisdiction to determine the issue relating to abandonment. However, the question is whether the issue of abandonment falls within the scope of the arbitration provision and not merely whether the arbitration provision is termed broad or narrow. In this respect the respondent urges that the contract has been continuously in effect and accordingly, petitioner is obligated to perform pursuant to its terms. Petitioner, on the other hand, disputes its obligation to perform, urging that the contract is no longer in existence. The controversy, therefore, is directly related to the parties' performance or lack of performance of the provisions of the agreement and those issues were clearly reserved to the jurisdiction of the arbitrators. Concur — McGivern, P. J., Lupiano and Tilzer, JJ.; Markewich and Steuer, JJ., concur in part in the following memorandum by Markewich, J.: I concur in the result only, i.e., denial of the stay of arbitration. I do not consider the issue of abandonment to be before the arbitrator at all but capable of being decided on the papers in advance of the arbitration. The contract containing the arbitration clause provides specifically for the sole method of abrogation of its terms. There is not a word to be found in the record from which it may be inferred that this was done. Further, the claim of abandonment is based upon an alleged failure of the parties to insist on contractual rights. In just so many words the contract provides that any failure of this kind may not be deemed a waiver of the contractual provisions. Thus, as a matter of law, not to be determined by the arbitrator, it must be concluded "that the 1949 agreement was in continuous effect throughout the years" and the parties must perform "pursuant to the terms of the original agreement" by submitting only their business dispute to the arbitrator.