■ UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant, v E. W. SMITH Co., Respondent.—Order, Supreme Court, New York County, entered on September 20, 1977, unanimously affirmed for the reasons stated by Fein, J., at Special Term. The respondent shall recover of the appellant $60 costs and disbursements of this appeal. Concur—Lupiano, J. P., Birns, Silverman and Sullivan, JJ.

■ MODERN SHEET METAL SUPPLY Co., INC., Respondent, v BERNARD WOLF, as Chairman of PRODUCTION WORKERS PENSION FUND, et al., Appellants.—Judgment of the Supreme Court, New York County, entered September 21, 1977, granting application of petitioner-respondent to stay arbitra-

tion demanded by respondents-appellants, unanimously reversed, on the law, without costs or disbursements, vacated and the motion for a stay is denied and the parties directed to arbitrate. It would appear that petitioner-respondent's alleged obligation to make payments to the welfare fund and pension fund stemmed from the terms of the collective bargaining agreement dated May 24, 1973 (Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer., 37 NY2d 91). The agreement provided for arbitration of "[a]ll * * * disputes * * * involving questions of interpretation, application or construction of any clause of this Agreement, or of any act or conduct in relation thereto". The agreement, which was to expire on May 14, 1976, also provided that "[i]t shall be automatically renewed from year to year thereafter unless modified or terminated by either party giving to the other party not less than sixty (60) days written notice, prior to the next termination date, of its desire to modify or terminate this Agreement." Although a letter stating respondents-appellants' desire "to terminate and/or modify" the agreement was sent to petitioner-respondent on March 8, 1976, there was no new agreement or express termination of the original agreement, but petitioner-respondent continued to make payments to respondents-appellants' welfare fund and pension fund until November, 1976, when the payments ceased. It was this failure to continue payments which provoked the demand of respondents-appellants for arbitration. The stay of arbitration should not have been granted. Where, as here, there is a broad arbitration provision, the issue whether the acts of conduct of the parties terminated, modified or renewed the agreement is properly for the arbitrators to decide (Matter of Riccardi [Modern Silver Linen Supply Co.], 45 AD2d 191, affd 36 NY2d 945; Matter of Macy & Co. v National Sleep Prods., 47 AD2d 518, affd 39 NY2d 268). Although petitioner-respondent is engaged in interstate commerce, we find nothing in Federal law which precludes the arbitrators from considering such issue. (See Steelworkers v American Mfg. Co., 363 US 564, 568; see, also, Steelworkers v Warrior & Gulf Co., 363 US 574, 578, and Steelworkers v Enterprise Corp., 363 US 593, 599.) Unlike the facts in Proctor & Gamble Ind. Union of Port Ivory v Procter & Gamble Mfg. Co. (312 F2d 181, 184, cert den 374 US 830) there was in the case before us no flat refusal by the union to extend the agreement. Furthermore, even if it were to be concluded that the agreement terminated, the dispute as to whether petitioner-respondent was required to make the welfare fund and pension fund contributions in question would still be within the realm of the arbitrators to determine, as the disagreement relates to "an obligation arguably created by the 'expired' agreement" and accordingly survived contract termination (Nolde Bros. v Bakery Workers, 430 US 243, reh den 430 US 988). The contention of petitioner-respondent that respondents-appellants have no standing to participate in this proceeding since they were not parties to the collective bargaining agreement is without merit. This issue was never raised at Special Term and is waived on appeal (Farr v Newman, 14 NY2d 183, 187-188). In any event, Federal law allows welfare fund and pension fund trustees to recover directly against the employer (see Lewis v Benedict Coal Corp., 361 US 459). Concur—Lupiano, J. P., Birns, Lane, Sandler and Sullivan, JJ.