' Shanley N. Egeth, J.
In this action tried before me without a jury, the parties have stipulated to plaintiff’s prima facie case. Plaintiff sues under a separation agreement, dated January 31, 1969, for support arrearages which total $6,500 through the end of November, 1973.
The defendant, who admits .the delinquency in payments, asserts as a defense that the agreement is not binding by reason of undue influence, duress, and his insanity at the time .of execution of the separation agreement. A counterclaim for $22,500 for the recovery of moneys paid under the agreement, was reduced to $10,000 by stipulation at the commencement of the trial. During the trial the defendant abandoned his defense of insanity.
*657 The sole issue .presented by this case is whether defendant is authorized to rescind the agreement based upon the duress or undue influence of plaintiff, so as to thereby be relieved of his financial obligation thereunder, and to enable recovery upon his reduced $10,000 counterclaim. The defense and counterclaim interposed in this action at law are equitable in nature.
Defendant’s counterclaim, founded in equity, is expressly permitted by subdivision (c) of section 208 of the New York City Civil Court Act, which grants jurisdiction:
“ (c) Of any counterclaim for: 1. the rescission or reformation of the transaction upon which the plaintiff’s cause of action is founded, if the amount in controversy of such counterclaim does not exceed $10,000.00”. (See Barocas v. Schweihart & Co., 63 Misc 2d 131.) The equitable defenses are explicitly authorized by section 905 of the CCA, which reads: “ The court may consider any defense to a cause of action or claim asserted by any party, whether such defense be denominated or deemed legal or equitable in nature.”
Defendant contends that he signed the separation agreement, which he now considers improvident, at a time when he could not exercise his free will.
The testimony discloses that: the plaintiff wife discovered her husband, the defendant, in a homosexual act during their marriage; the parties separated in late October or early November, 1968; the separation agreement dated January 31, 1969 was signed in February, 1969; and both parties were represented by counsel in negotiating the agreement. The defendant further testified: that he was very upset and was under psychiatric care throughout the period, and that he only executed the agreement because of his fear of the disclosure .of his homosexuality; that on one or two occasions when his wife was pressing for a resolution of their problems, she remarked that he would not want her to tell anyone about the incident; that plaintiff told members of her family, her roommate and a mutual friend or two ,of the reason for the breakup of the marriage; that defendant made all payments required under the agreement until November, 1972 when he was hospitalized for a .serious illness; and that after his recovery, he decided not to make any future support payments.
Plaintiff called no witnesses after the conclusion of the defendant’s case, contending that the defendant failed to meet his burden of proof of the defense of undue influence or duress. This court agrees. In Kasaras v. Manufacturers Trust Co. (4 A D 2d 227, 237, affd. 4 N Y 2d 930) our Chief Judge elect, *658 Judge Bkeitel, in an opinion restating the determination of the Court ,of Appeals in Adams v. Irving Nat. Bank (116 N. Y. 606) stated: “ Turning to the applicable law, duress, in order to render voidable what was done, must have involved a wrongful act ,or a wrongful threat precluding the exercise of a free will. (Restatement, Contracts, § 492; Black on Rescission and Cancellation [2d ed.], § 221 et seq.; 17 C. J. ¡3., Contracts, § 168 et seq.) ”.
To establish the defense of duress the defendant must prove more than the fact that he executed an agreement because his fear of the revelation of his homosexuality deprived him of the exercise of his free will. Even if this defendant was motivated to execute the agreement by fear of such disclosure, he must sustain the burden of proving wrongful conduct upon the part of plaintiff which deprived him of his free will. (Faske v. Gershman, 30 Misc 2d 442.) Defendant’s .subjective, but real fear, of such disclosure, which would normally flow from his predicament, does not alone establish his defense of duress. This principle is best explained ¡by Surrogate Foley in Matter of White (182 Misc. 223, 228, 229, affd. 268 App. Div. 759, app. dsmd. 293 N. Y. 767), as follows: “Nor does a state of mind, such ias fear, which can never be the subject of contradiction because it rests upon the subjective opinion of the person who asserts it, constitute coercion where the charge of coercion is not founded upon acts which were exercised upon the victim by the party charged with duress. Despite the reasons which * * * [defendant] may have in * * * [his] mind for entering into the settlement, there is nothing in the allegations as to the conduct of * * * [plaintiff] which would constitute duress or fraud on her part.”
In this case there is almost no proof of any conduct by plaintiff which constitutes duress. Defendant may have acted and have been motivated by his fear of the public revelation of his admitted homosexuality which was inherent in a trial of a divorce case based upon these grounds. Plaintiff made no specific improper threats, and engaged in no pattern of extortive or harassing behavior. She merely pressed for negotiations and an expeditious resolution of' her problem. Full and proper assertion of a party’s rights in a matrimonial proceeding, when the other party has been discovered in a compromising position, does not in and of itself constitute duress. When both parties are represented by counsel, they are not required to negotiate in a vacuum, refrain from hard bargaining, or ignore the cir *659 cmnstances which caused them to so negotiate. (See Hugo v. Lowei, Inc., v. Kips Bay Brewing Co., 63 N. Y. S. 2d 289.)
The Municipal Court case of Sylvan Mortgage Co. v. Stadler (113 Misc. 659, revd. on other grounds 115 Misc. 311, affd. 199 App. Div. 965) which was cited by defendant, does not in any way diminish the necessity of proof of affirmative conduct and threat on the part of the party accused of duress. It deals only with the problem of nature of the person subjected to acts of duress, and his ability to withstand such conduct. It in no way negates the need for conduct; nor does it alter the insufficiency of .subjective fear or state of mind when unaccompanied by required affirmative acts of duress (see Matter of White, supra). The Ohio case relied upon by defendant (Tallmadge v. Robinson, 158 Ohio St. 333) is not in point. That case involved repeated threats to make false accusations of incest. Plaintiff’s restricted disclosure of defendant’s actual homosexual conduct to a few relatives and close friends, and sporadic reference thereto during negotiations, is not duress.
It is equally clear that the defendant has not sustained his burden of proving the defense of undue influence. The conduct complained of is as insufficient to establish undue influence as it was deficient to prove duress. Additionally, there is a lack of any proof of any circumstances or relationship creating a fiduciary type of obligation during the settlement negotiations, occasioning justifiable reliance thereon by defendant which is essential to a cause of action for undue influence. (See 17 N. Y. Jur., Duress and Undue Influence, § 31, p. 239.)
This court is not ruling that threats to falsely accuse one of homosexuality, or a behavior pattern taking advantage of a homosexual relationship', or repeated improper threats of disclosure of actual homosexuality, may never, under any circumstances substantiate a duress or undue influence. The nature and extent of such conduct and the surrounding circumstances would determine that issue. Despite evidence of increasing liberality in attitudes towards homosexuality in certain segments of our population, and the recent action of the American Psychiatric Association removing the stigma of medical abnormality from .homosexuality, there can be no doubt that public disclosure of such condition can generate acute and valid fear, and it can potentially subject the homosexual to social opprobrium, economic reprisal and penal sanction.
Finally, even if it were proved that defendant entered into the separation agreement as a result of plaintiff’s duress and undue influence, it-is undisputed that he has made the required pay *660 ments pursuant to the .separation agreement for a period of almost four years, and that he waited an additional six months before he first asserted his claim of duress, and undue influence. This conduct by defendant constitutes a legal ratification of the separation agreement by the defendant. Ratification results if a party who executed a contract under duress accepts the benefits flowing from it, or remains silent, or acquiesces in the contract for any considerable length of time after the party has the opportunity to annul or void the contract. (Matter of Minkin [Halperin], 279 App. Div. 226, 233 [concurring opn.], affd. 304 N. Y. 617; Faske v. Gershman, 30 Misc 2d 442 [supra]; Restatement, Contracts, vol. 2, §§ 499 and 484.)
Judgment is accordingly awarded to the plaintiff for the stipulated arrearages of $6,500, plus interest, and against the defendant dismissing his counterclaim ($10,000), together with costs.