Gabrielli, J.
On this appeal, we must decide whether an arbitration clause providing for the submission to arbitration of any dispute pertaining to the performance of a contract is *270 sufficiently broad to encompass a claim that the parties have abandoned the contract and, also, the question of the extent of a party’s obligation under the contract.
Petitioner and respondent entered into an agreement in 1949 which provided that respondent was to manufacture mattresses bearing the Macy’s label and petitioner was obligated to purchase its mattress requirements for sale in its New York stores up to "700 Mattresses per week before [it ordered] Mattresses from any other person”. In 1972, respondent informed petitioner by letter that the latter had failed "[d]uring the past several years” to order the minimum number of mattresses provided by the contract. Efforts to resolve this matter through negotiation proved fruitless and respondent sought arbitration pursuant to an arbitration clause in the 1949 agreement which provided that "[i]n the event of any dispute as to the performance of any provision of this agreement, same shall be submitted to arbitration”. Petitioner moved to stay arbitration at Special Term on the ground that the contract had been abandoned in 1953, at which time, according to petitioner, the parties entered into a new arrangement for the manufacture of box springs and mattresses.
Special Term held that the arbitration clause was narrow and did not include within its scope the issue of abandonment which was, therefore, reserved for resolution in the courts. Finding that the issue could not be resolved on the basis of the papers before it, the court directed a reference on that question. The Appellate Division reversed, stating that the arbitration clause was of sufficient breadth to cover the dispute as to abandonment, which essentially concerned the obligation to perform. Two Justices concurred, reaching the merits and finding that the contract had not been abandoned.
It is settled that a party may not be required to submit to arbitration matters which he has not agreed to arbitrate (Matter of Rosenbaum [American Sur. Co. of N. Y.], 11 NY2d 310; Matter of Lehman v Ostrovsky, 264 NY 130; Matter of Marchant v Mead-Morrison Mfg. Co., 252 NY 284), and that disputes involving acts of the parties subsequent to the making of a contract are properly embraced by a broad arbitration clause (Matter of Riccardi [Modern Silver Linen Supply Co.], 45 AD2d 191, affd 36 NY2d 945, 946; Matter of Lipman [Haeuser Shellac Co.], 289 NY 76; Matter of Kahn [National City Bank], 284 NY 515). We agree with the Appellate Division that the arbitration clause in this case is not a narrow *271 one, but neither is it a broad clause such as those in Matter of Riccardi (supra) and Matter of Lipman (supra), which were directed toward any or all controversies arising out of a contract. Ultimately, the labels "broad” and "narrow” are not controlling but, more importantly, "[t]he language of the agreement to arbitrate * * * must be sufficiently broad so as to permit of the application of the general principle that all issues subsequent to the making of the contract are not for the court but for the arbitrators” (Matter of Lipman, supra, p 80).
We conclude that the arbitration clause utilized in this case, while restricted to disputes concerning performance, is sufficiently broad to include the issue of abandonment. "Performance” may be defined as "[t]he fulfillment or accomplishment of a promise, contract or other obligation according to its terms” (Black’s Law Dictionary [4th ed]). The claim that the parties have decided to abandon their contract is a question intimately related to performance because, a fortiori, it is premised on the nonfulfillment of contractual obligations and the failure to accomplish the terms of the agreement. The additional issue raised by petitioner, the interpretation of its obligations under the contract, also relates to the performance of a provision of the contract. Macy claims that it was not required, by the contract, to purchase a minimum number of mattresses per week from respondent. It is apodictic that this issue concerns the nature and extent of the performance due pursuant to the contract, and, hence, is within the import of the arbitration clause.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.