■ Jeffrey Howard and Associates, Respondent, v Shelter Pro-

GRAMS, INC., et al., Appellants.—In an action to recover the balance due on two contracts, defendants appeal from a judgment of the Supreme Court, Westchester County, entered March 2, 1976, which is in favor of the plaintiff-respondent and against them upon an order of the same court, dated March 1, 1976, which (1) denied the motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 5) and to direct the parties to proceed to arbitration pursuant to CPLR 7503 (subd [a]) and (2) granted the plaintiffs' cross motion for summary judgment (apparently pursuant to CPLR 3211, subd [c]) "on an account stated". Judgment reversed, on the law, without costs or disbursements, defendants' motion granted and plaintiff's cross motion denied. In their agreement dated January 11, 1974, the parties agreed to arbitrate "all questions in dispute under this Agreement". Since the "scope of the arbitration clause and the scope of the underlying agreement are identical", and there is "a reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract, the court's inquiry is ended" (see *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer.,* 37 NY2d 91, 95–96). The ultimate disposition of the merits is reserved for the arbitrators and "the courts are expressly prohibited from considering 'whether the claim with respect to which arbitration is sought is tenable * * *' (CPLR 7501)" (see *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer., supra,* p 95). The arbitration clause is sufficiently broad to embrace the disputes involving acts of the parties subsequent to the making of the agreement (see *Matter of Macy & Co. [National Sleep Prods.],* 39 NY2d 268, 270–271). It is therefore unnecessary to reach the merits of the issues involved in the Special Term's granting of the plaintiff's cross motion for summary judgment on an account stated. We note, however, that the complaint contains no cause of action for an account stated, no answer was served, and no application was made to amend the complaint so as to include a cause of action for an account stated, or to treat the papers on plaintiff's cross motion for summary judgment as part of the complaint. Therefore the plaintiff has, in effect, attempted to make a motion for summary judgment in lieu of a complaint pursuant to CPLR 3213, on the assumption that a cause of action for an account stated is "an instrument for the payment of money only" which can serve as the predicate for relief on such a motion (but see *Interman Ind. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 155–156). The plaintiff cannot use CPLR 3211 (subd [c]) to accomplish what it cannot achieve under CPLR 3213. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.