■ In the Matter of the Arbitration between UOP, INC., Appellant, and NAARDEN INTERNATIONAL N. V., Respondent.—Judgment of the Supreme Court, New York County, entered May 19, 1977, which denied the application brought pursuant to CPLR article 78 for a permanent stay of arbitration and dismissed the petition, and which directed the parties to proceed to arbitration, unanimously affirmed, without costs and disbursements. Although we affirm the judgment below, Special Term made two observations which we believe to be erroneous. Specifically, the court found that: (1) the agreement of April 23, 1976 is confusing but that the resolution thereof is for the arbitrators; and (2) the validity and justification for respondent's action in withholding the issuance of the promissory note in the sum of approximately four million dollars which was part of the purchase price was for the arbitrators to determine. We disagree with Special Term as to each of these observations. Under certain arbitration clauses, matters which occur subsequent to the agreement are for the arbitrators *(Matter of Riccardi [Modern Silver Linen Supply Co.],* 45 AD2d 191, affd 36 NY2d 945). However, we are dealing here with a rather narrow arbitration clause contained in section 15(a) of the purchase agreement entered into March 4, 1976 (cf. *Matter of Macy & Co. [National Sleep Prods.],* 39 NY2d 268). That clause is restricted to determining, by arbitration, the specifics of any posttransfer adjustments upon which the parties could not agree. It does not encompass any issue with respect to whether the parties by subsequent act resolved their dispute. That is for the court in this instance, rather than the arbitrators, to determine. Accordingly, we have considered the memorandum of April 26, 1976. We find it clear. While providing for a downward adjustment of the purchase price because of certain factors which affected the price, it specifically stated that "any post transfer adjustments, as the same is defined by Section 15 of said Purchase Agreement, to the extent found to be appropriate, will be treated in accordance with said Section 15." We conclude from that language and the tenor of the entire agreement of April 26, 1976, that it constitutes a reservation of rights and not a release or settlement of those items respondent seeks to arbitrate. We find, further, that the arbitration clause does not encompass the dispute concerning respondent's withholding of the promissory note. As already stated, the clause is of limited nature, referring only to posttransfer adjustments and not to any obligation with respect to the note. Additionally, we observe that although respondent in its demand for arbitration states that it never issued the note, the statement is made as part of its recital of the background facts of the transaction. Respondent does not in the arbitration proceeding seek relief from that requirement. Therefore, it was improper for Special Term to permit the arbitrators to decide the validity and justification of respondent's

action in withholding delivery of the note. Our attention has been directed to an action pending in the Supreme Court, Nassau County, by petitioner for an order compelling respondent to deliver the note. In the proceeding before us we fail to perceive any rationale for withholding delivery of the note, which is part of the consideration of the purchase price, until the determination of the tangential claims relating to net value which at most affect $1,600,000. Concur—Kupferman, J. P., Lupiano, Birns and Lane, JJ.