■ LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v BOSTON OLD COLONY INSURANCE COMPANY, Appellant, and AMERICAN ARBITRATION ASSOCIATION et al., Respondents.—Order unanimously reversed, with costs, and motion denied. Memorandum: Special Term granted an application by petitioner Liberty Mutual Insurance Company pursuant to CPLR article 75, to compel respondent Boston Old Colony Insurance Company (Boston) to join an arbitration proceeding between petitioner and respondent Reddreck under the Comprehensive Automobile Insurance Reparations Act (Insurance Law, § 670 *et seq.).* The arbitration arose from petitioner's discontinuance of no-fault benefits to Reddreck for back, shoulder and ankle injuries allegedly sustained by him on September 15, 1975 while driving his automobile, which was insured by petitioner. Reddreck had been involved in a previous automobile accident occurring on September 12, 1975 as a result of which had claimed no-fault benefits for a back injury from Boston, the insurer of

the vehicle that Reddreck was then driving. Boston paid for a September 12, 1975 examination of Reddreck by his attending physician; however, this was the only claim submitted by Reddreck to Boston and there is no dispute concerning no-fault benefits between them. It is settled that a party may not be required to submit to arbitration matters which it has not agreed to arbitrate (*Matter of Macy & Co. [National Sleep Prods]*, 39 NY2d 268, 270; see *Matter of Marlene Inds. Corp. [Carnac Textiles]*, 45 NY2d 327), and Boston has not agreed to arbitration in this case. An exception to the rule requiring an agreement to arbitrate exists where compulsory arbitration is provided by statute (5 Am Jur 2d, Arbitration and Award, § 11; see *Ryder Truck Lines v Maiorano*, 44 NY2d 364, 368-369); however, the Comprehensive Automobile Insurance Reparations Act, insofar as it applies to the use or operation of automobiles prior to December 1, 1977, does not provide for arbitration between petitioner and Boston under the circumstances of this case (see Insurance Law, § 674, subd 2; § 675, subd 2; 11 NYCRR 65.2, 65.7, 65.10; *Great Amer. Ins. Co. v Ramasso*, 93 Misc 2d 186). Accordingly, Boston was improperly compelled to join the arbitration proceeding between petitioner and Reddreck. Finally, we note that subdivision 2 of section 674 of the Insurance Law has been amended to provide for mandatory arbitration procedures to "be utilized to resolve all disputes arising between insurers concerning their responsibility for the payment of first party benefits." The amendment, however, applies only to the use and operation of motor vehicles on and after December 1, 1977 (L 1977, ch 892, § 17) and, therefore, is inapplicable here. (Appeal from order of Erie Supreme Court—arbitration.) Present—Moule, J. P., Cardamone, Dillon, Hancock, Jr., and Schnepp, JJ.