■ ANDREW J. STAEBELL et al., Respondents, v WARREN E. BENNIE, SR., Appellant. — Judgment unanimously reversed, on the law and facts, with costs, and matter remitted to Supreme Court, Genesee County, for further proceedings in accordance with the following memorandum: In this action brought pursuant to RPAPL article 15, both parties seek an adjudication of their rights to certain real property and incidental relief. In 1969, plaintiffs and defendant executed a land contract whereby plaintiffs agreed to sell and defendant agreed to buy 70 acres of land and the house thereon for the price of $25,000 to be paid with interest over a period of 15 years. On August 4, 1978 after living in the house for almost 10 years, defendant moved to Alabama. The trial court found that at that time all his payments were current and that the only unexcused breach in the contract terms was certain structural changes he had made to the interior of the house without plaintiffs' prior approval. There was no proof, however, of any damages sustained as a result of the breach. The court found defendant had abandoned the contract and that the parties had mutually rescinded it. It awarded title to plaintiffs free and clear of the land contract. The finding of abandonment is predicated on defendant's activities of August 4, 1978 when he, having quit his job a few days earlier, loaded most of his belongings and those of his children into a truck and told plaintiffs that he was leaving because he had to "get away from the women." At the request of plaintiff Andrew G. Staebell, defendant left him the key to the house. Plaintiffs accepted the key as evidence of an intention to abandon and rescind the contract and promptly changed the locks on the building. Defendant later returned to the house on August 9 to pick up some more of his belongings and spent the night there. Plaintiffs allowed him to take the belongings but they refused to let him stay in the house. They also refused to accept the contract payment due for the month of August. We do not find sufficient evidence to support a finding of abandonment of the contract here. Parties competent to contract are, of course, competent to rescind the contract. When one party refuses to perform a contract and elects to abandon his rights under it, the other is free to sue for the breach or to accept the abandonment and treat the contract as ended. In order to constitute an abandonment, however, there must be a repudiation of the contract and refusal to perform it (see *Graves v White,*

87 NY 463, 464-465; *Tice v Zinsser,* 76 NY 549). At best defendant's acts were equivocal. It is clear that he intended to move away from the property, perhaps permanently. It is not clear, however, that he repudiated the contract or that he refused to perform it. His removal from the house, standing alone, will not support a finding of abandonment. Nor may his removal coupled with his late payment of rent support a finding of abandonment. Neglect in making a payment due is not a refusal to perform. Defendant was customarily late in his payments, as plaintiffs acknowledged. Nevertheless, they had always accepted his late payments in the past and their remedy for late payment in this instance was to sue for the breach (the contract had no acceleration or forfeiture clauses), not declare the contract abandoned. After plaintiffs commenced this litigation, defendant did not continue to perform the promises of the contract and there remain sums due from him to plaintiffs pursuant to its terms. The matter is therefore remitted to Trial Term for a determination of the amount due and upon determination and payment thereof, defendant is entitled to entry of a judgment declaring him to have a valid interest in the real estate by reason of the contract between the parties dated July 31, 1969. (Appeal from judgment of Genesee Supreme Court, Morton, J. — action to quiet title.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.