■ FERRAN CONCRETE CO., INC., Appellant, v COMMERCE ELECTRIC, INC., Respondent.—In a proceeding pursuant to CPLR 7503 (b) for a permanent stay of arbitration, the petitioner appeals from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated June 25, 1985, as denied the application, granted the respondent's cross motion to compel arbitration, and thereupon dismissed the petition.

Order affirmed insofar as appealed from, with costs.

On or about December 21, 1983, the petitioner Ferran Concrete Co., Inc. (hereinafter Ferran), entered into a contract with the New York City Transit Authority (hereinafter the Transit Authority), whereby Ferran agreed to perform certain work in connection with a project described as the "Modernization and Rehabilitation of Coney Island Car Barn". Ferran subsequently entered into a subcontract with the respondent Commerce Electric, Inc. (hereinafter Commerce), pursuant to which Commerce agreed to perform the necessary electrical work on the project. The subcontract provided, in pertinent part that: "[a]ll questions that may arise under this contract and in the performance of the work thereunder shall be submitted to arbitration at the choice of either of the parties hereto". The agreement also contained a termination clause which provided that in the event the Transit Authority terminated the contract, the subcontract would likewise be deemed canceled. The contract then limited the recovery for termination to certain denominated costs.

Commerce promptly began work on the project. However, due to certain unforeseen difficulties encountered at the project site as well as alleged defects in the plans and specifications provided by the Transit Authority, numerous "hold" orders were placed on various aspects of the electrical work. Although Ferran allegedly provided Commerce with repeated assurances that revised plans and specifications would be forthcoming and that work on the project would recommence in the near future, it appears that no steps were taken in furtherance of these promises.

On or about April 3, 1985, Ferran notified Commerce that the Transit Authority had terminated the main contract. Commerce subsequently served a demand seeking arbitration of claims for abandonment and repudiation of the subcontract by Ferran. In response, Ferran commenced the instant proceeding to stay arbitration. Commerce cross-moved, *inter alia,* to compel arbitration in accordance with its prior demand. Special Term denied Ferran's application, granted Commerce's cross motion and directed the parties to proceed to arbitration.

On appeal, Ferran contends that the arbitration clause under review is of limited scope and only refers to questions regarding performance. Ferran additionally maintains that since the main contract was terminated, and the subcontract canceled, the parties' obligation to arbitrate was similarly extinguished. We disagree with Ferran's contentions and, accordingly, affirm the order of Special Term.

In *Matter of Exercycle Corp. (Maratta)* (9 NY2d 329, 334), the Court of Appeals noted that "[o]nce it [is] ascertained that the parties broadly agreed to arbitrate a dispute 'arising out of or in connection with' the agreement, it is for the arbitrators to decide what the agreement means and to enforce it according to the rules of law which they deem appropriate in the circumstances". The court in the *Exercycle* case, expressly contemplated that the issue of an alleged termination of an agreement be within the purview of questions which should be referred to an arbitrator *(see also, Inryco, Inc. v Parsons & Whittemore Contrs. Corp.,* 55 NY2d 666; *Matter of Schlaifer v Sedlow,* 51 NY2d 181; *Matter of Tarpon Cove v Taylor Woodrow Blitman Prop. Corp.,* 105 AD2d 656).

Furthermore, the issue of whether a contract has been abandoned "is a question intimately related to performance because, a fortiori, it is premised on the nonfulfillment of contractual obligations and the failure to accomplish the terms of the agreement" *(see, Matter of Macy & Co. [National Sleep Prods.],* 39 NY2d 268, 271). Such a claim must be decided in arbitration *(see, Matter of Cassone,* 63 NY2d 756). The acts which gave rise to Commerce's claim for abandonment and repudiation occurred well before the subcontract was actually terminated. Under the broad language utilized in the arbitration clause, all issues regarding Ferran's failure to comply with its substantive obligations, including its abandonment or repudiation of the subcontract, are properly referrable to the arbitrator. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.