■ John A. Carver, Appellant, v Apple Rubber Products Corp., Respondent.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiff instituted this action to recover damages allegedly incurred as the result of defendant's breach of a 1977 employment agreement between the

parties. Supreme Court found that the doctrines of abandonment and ratification operated to defeat plaintiff's claim. We disagree, and conclude that the court erred in granting defendant's motion for summary judgment dismissing plaintiff's complaint.

Whether both parties consented to abandon the contract between them is a question of fact for the jury (see, Green v Doniger, 300 NY 238, 245; see also, Staebell v Bennie, 83 AD2d 765). The mere fact that defendant may have breached its agreement with plaintiff is insufficient to establish abandonment (Atlantic Co. v Jarll Realty Corp., 36 AD2d 883, 884). The record fails to demonstrate whether, or to what extent, the parties actually performed under the contract. We are thus unable to ascertain, as a matter of law, whether an "abandonment may be inferred from the conduct of the parties and the attendant circumstances" (Matter of Schanzer, 7 AD2d 275, 278, affd 8 NY2d 972; see, Ferran Concrete Co. v Commerce Elec., 118 AD2d 619, 620; see also, Matter of Macy & Co. [National Sleep Prods.], 39 NY2d 268, 271).

Moreover, the defense of ratification cannot be applied to defeat plaintiff's claim at this stage of the proceedings because plaintiff has not sought to annul or void any agreement he had with defendant and the record does not establish, as a matter of law, that the annual salary he was receiving was less than was called for under the 1977 agreement (see, Smith v Jones, 76 Misc 2d 656, 660).

Finally, Supreme Court erred in denying plaintiff's motion to dismiss defendant's counterclaim for costs pursuant to CPLR 8303-a. That section permits imposition of costs upon frivolous claims "in [actions] to recover damages for personal injury, injury to property or wrongful death" (CPLR 8303-a [a]). Since this action is essentially one for breach of contract, that section of the CPLR is inapplicable.

Accordingly, the order of Supreme Court should be modified by reversing those parts of the order that granted defendant's motion for summary judgment and denied plaintiff's motion to dismiss defendant's counterclaim. (Appeal from order of Supreme Court, Erie County, McGowan, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Pine and Lawton, JJ.