■ AARON PITTER AND COMPANY, INC., et al., Respondents, v ROSA SEGAL, Appellant.—Order of the Supreme Court, New York County (Francis N. Pecora, J.), entered October 9, 1990, which, *inter alia,* denied defendant's motion for partial summary judgment dismissing the second cause of action of the complaint and for a protective order, is unanimously reversed to the extent appealed from, on the law, and the motion granted, without costs or disbursements.

Defendant Segal is a former employee of plaintiff Dorjean Textiles, Ltd., Inc. now owned by plaintiff Aaron Pitter and Company, Inc. After she left Dorjean's employ, this action alleging two causes of action, was commenced against her. In the first cause of action, plaintiffs alleged that defendant wrongfully took proprietary information of customers and accounts belonging to Dorjean, converting this information to her own use and benefit. In the second cause of action, plaintiffs alleged "on information and belief" that defendant, before terminating her employment, took and received orders from Dorjean's customers and converted these orders to the use and benefit of herself and her new employer.

After discovery, defendant moved for partial summary judgment as to the second cause of action. In support of this motion, she submitted her verified denial that she had converted sales orders *(see,* CPLR 105 [t]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:15, at 436). The motion was also supported by plaintiffs' admission in answers to interrogatories and discovery de-

mands that they did not possess any information or documents demonstrating defendant's claimed misconduct in the second cause of action. In opposition, plaintiffs relied on an affirmation of counsel without personal knowledge of the facts. In addition, the affirmation simply alleged conclusory and speculative allegations of defendant's wrongdoing which are insufficient to defeat a motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557, 560; *Citibank v Furlong,* 81 AD2d 803, 804). Likewise, although CPLR 3212 (f) permits an opposing party to obtain further discovery if "facts essential to justify opposition may exist but cannot then be stated", it should not be utilized to embark upon a "fishing expedition" simply exploring the possibility of asserting a cause of action. *(Oates v Marino,* 106 AD2d 289, 292; *Citibank v Furlong, supra,* at 804.) Concur—Murphy, P. J., Milonas, Ross and Asch, JJ. *[See,* 174 AD2d 439.]