■ Peter F. Contro, Respondent, v Alma White, Appellant.—Levine, J. Appeal from an order of the Supreme Court (Coutant, J.), entered February 5, 1991 in Broome County, which, *inter alia,* granted plaintiff's motion for specific performance of a contract.

In late 1987, plaintiff and defendant entered into an oral agreement for the sale of certain real property owned by defendant in the City of Binghamton, Broome County. The parties subsequently executed a written contract of sale in December 1987, which provided for a purchase price of $66,000 with a $1,000 down payment and a closing date on or before February 1, 1988. The contract was made contingent upon, *inter alia,* plaintiff securing a mortgage commitment from a specified lender in the amount of $65,000. Plaintiff had previously applied for and received a mortgage commitment dated December 2, 1987 in the amount of $48,750.

In January 1988, it was discovered by defendant's counsel at the time that a discharge of the mortgage taken out by defendant in 1937 had never been recorded. Subsequent efforts to resolve the matter were apparently unsuccessful and, as a result, the parties did not close in February 1988. Thereafter, in January 1989, defendant's new counsel sent a letter to plaintiff's counsel stating that "[s]ince the terms of the contract were not complied with nearly a year ago, [defendant] assumes that she has no further obligation". In response, plaintiff's counsel advised that plaintiff was ready, willing and able to perform the contract.

Plaintiff commenced this action in September 1989 seeking specific performance. After joinder of issue, plaintiff brought a motion requesting an order directing defendant to specifically perform the contract.* Supreme Court granted the motion and this appeal followed.

In our view, Supreme Court erred in granting plaintiff summary judgment directing specific performance of the contract. Where a party seeks specific performance of a contract, it must be shown that such party tendered full performance of his obligations under the contract within the time specified in the agreement or within a reasonable time thereafter (55 NY Jur, Specific Performance, § 27, at 490; *see, Rathe v Adirondack Concepts,* 131 AD2d 81, 85). Here, there was no evidence that plaintiff made a valid tender of performance at any time

---

* Although not characterized as such, defendant's motion was essentially for summary judgment *(see,* CPLR 3212 [a]) and received summary judgment treatment by Supreme Court.

prior to the commencement of this action. Plaintiff concedes that he made no actual tender of the $65,000 purchase price balance on the original agreed-upon closing date, February 1, 1988. Further, the January 1989 correspondence from plaintiff's counsel indicating his readiness and ability to complete the transaction and referencing the December 1987 mortgage commitment letter which, by its own terms, expired as of January 15, 1988 clearly did not constitute a valid tender of performance.

Moreover, even accepting plaintiff's contention that his agreement to give defendant an indefinite extension of time to perfect title relieved him of his obligation to tender performance, he was nevertheless required to establish that he was ready, willing and able to purchase the property *(see, Huntington Min. Holdings v Cottontail Plaza,* 60 NY2d 997; *3M Holding Corp. v Wagner,* 166 AD2d 580, 581-582; *Zev v Merman,* 134 AD2d 555, 557, *affd* 73 NY2d 781). Plaintiff failed to make such a showing. In support of his motion, plaintiff submitted, *inter alia,* the above-described mortgage commitment letter and an affidavit in which he averred that he "did not need a mortgage for the balance of the purchase price" and that he was "at all times since [the] execution of the contract ready, willing and able to close the transaction". Because plaintiff's mortgage commitment had expired, the letter reflecting that commitment was inadequate proof of plaintiff's ability to purchase the property on the closing date or at any time thereafter. Additionally, plaintiff submitted no documentation or other proof substantiating his claim that he had the balance of the funds necessary to purchase the property. In the absence of such proof, plaintiff was not entitled to the relief of specific performance *(see, Huntington Min. Holdings v Cottontail Plaza, supra; Madison Invs. v Cohoes Assocs.,* 176 AD2d 1021 [decided herewith]; *3M Holding Corp. v Wagner, supra).*

Casey, J. P., Weiss, Mikoll and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.