■ CECIL R. PROVOST, JR., et al., Respondents, v OFF CAMPUS APARTMENTS COMPANY, II, a Partnership, et al., Appellants. [620 NYS2d 622] —Mikoll, J. Appeals (1) from an order of the Supreme Court (Nicandri, J.), entered January 13, 1994 in St. Lawrence County, which, *inter alia,* granted plaintiffs' cross motion for summary judgment, and (2) from the judgment entered thereon.

Plaintiffs commenced this action in September 1990 seeking to compel specific performance of the parties' contract for the sale of a 3.36-acre parcel of land (hereinafter the land) owned by defendants. The contract was executed on or about October 21, 1988 and was made contingent upon plaintiffs securing all government approvals, permits and licenses required for construction and operation of a college fraternity residence on the land. The contract provided that the closing was to be held on or about March 31, 1989 with an option to extend the closing date up to June 30, 1989 if plaintiffs ran into difficulty in obtaining the required zoning approval by giving one or more written notices to defendants. Plaintiffs made a partial payment of $1,000 toward the purchase price for the land. Plaintiffs extended the closing date to on or before June 30, 1989 but the closing never took place. In a letter dated July 12, 1990 plaintiffs requested performance of the contract by defendants and offered to set a closing date at defendants' convenience; however, no date was ever set.

It was after plaintiffs became aware that defendants were seeking to sell the land at a price higher than the contract price that they initiated the instant action. Thereafter, defendants moved, *inter alia,* for summary judgment dismissing the complaint claiming that plaintiffs were not cooperative in answering defendants' discovery-related requests. In turn, plaintiffs cross-moved for summary judgment.

Supreme Court found that plaintiffs had acted in good faith in attempting to close the sale and in responding to discovery requests and denied defendants' motion for summary judg-

ment. Supreme Court determined, *inter alia,* that plaintiffs had tendered full performance of their contract obligations and granted plaintiffs' cross motion for summary judgment. Defendants appeal from the order and judgment entered thereon.

Defendants' contention that Supreme Court erred in granting summary judgment in favor of plaintiffs because plaintiffs did not demonstrate that they were ready, willing and able to perform their contract obligations is meritorious. Before specific performance of a contract may be granted, a plaintiff "must demonstrate that he/she was ready, willing and able to perform on the original law day or, if the time is not of the essence, on a subsequent date fixed by the parties" or within a reasonable time thereafter *(Morey v Sings,* 174 AD2d 870, 873; *see, Contro v White,* 176 AD2d 1052, 1053). The record reveals that plaintiffs submitted no documentation or other proof to substantiate their assertion that they had the funds necessary to purchase the property and, thus, are unable to prove they were ready, willing and able to close the sale as a matter of law *(see, Huntington Min. Holdings v Cottontail Plaza,* 60 NY2d 997, 998; *Contro v White, supra; Madison Invs. v Cohoes Assocs.,* 176 AD2d 1021, 1022, *lv dismissed* 79 NY2d 1040). Supreme Court therefore improperly granted plaintiffs' cross motion for summary judgment *(compare, Cohn v Mezzacappa Bros.,* 155 AD2d 506, *lv denied* 75 NY2d 707).

Defendants properly claim that material issues of fact are presented concerning plaintiffs' alleged tender of performance and abandonment of the contract. Defendants have averred that plaintiffs never tendered the purchase price or otherwise tendered performance of their obligations under the contract. Defendants also aver that they never received the letter from plaintiffs (dated June 21, 1989) which plaintiffs claim informed defendants of plaintiffs' willingness to set a closing date at defendants' convenience. Further, defendants assert that plaintiffs' admissions as to whether financing was available to them to purchase the property are ambiguous. This evidence demonstrates that questions of fact exist as to whether plaintiffs tendered full performance under the contract *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Contro v White, supra).* Triable issues of fact also are raised as to whether plaintiffs abandoned the contract *(see, Green v Doniger,* 300 NY 238, 245; *Carver v Apple Rubber Prods. Corp.,* 163 AD2d 849, 850).

Defendants' contention as to the inadequacy of plaintiffs' responses to their demand for bills of particular are not stated

with sufficient particularity as to the additional factual evidence they seek to discover (see, Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 163; Pitter & Co. v Segal, 173 AD2d 159, 160). Supreme Court therefore did not err in denying defendants' motion for additional discovery.

Defendants' argument that Supreme Court erred in dismissing their defense of laches for insufficiency as a matter of law is without merit (see, 75 NY Jur 2d, Limitations and Laches, § 333). Defendants have not shown prejudice, nor reliance and a change of position resulting from plaintiffs' delay (see, Airco Alloys Div. v Niagara Mohawk Power Corp., 76 AD2d 68, 82; Mazzara v Town of Pittsford, 34 AD2d 90, 93). Accordingly, Supreme Court correctly dismissed the defense of laches.

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order and judgment are modified, on the law, with costs to defendants, by reversing so much thereof as granted plaintiffs' cross motion for summary judgment; cross motion denied; and, as so modified, affirmed.