(August 28, 1995)

■ APRIL M's ENTERPRISES, INC., et al., Plaintiffs, v SHARI SCOTT, Defendant and Third-Party Plaintiff-Appellant, JONATHAN C. SCOTT, Appellant, et al., Defendants. S. RICHARD ZALTMAN et al., Third-Party Defendants-Respondents. [631 NYS2d 53] —In an action to foreclose a mortgage, (1) the third-party plaintiff Shari Scott appeals from a judgment of the Supreme Court, Suffolk County (Werner, J.), dated July 16, 1993, which, after a nonjury trial, is in favor of the third-party defendants and against her dismissing the third-party complaint and awarding each third-party defendant $10,000 in costs and attorneys' fees pursuant to CPLR 8303-a from her and her attorney, jointly and severally; and (2) the nonparty Jonathan C. Scott, Esq., separately appeals from (a) so much of an order of the same court, dated June 17, 1993, as, upon granting reargument, adhered to a prior determination imposing sanctions, and (b) so much of the same judgment as awards each third-party defendant the sum of $10,000, as and for costs and attorneys' fees, to be paid by him and the third-party plaintiff, jointly and severally.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by delet-

ing the second, third, fourth, fifth, and sixth decretal paragraphs thereof; as so modified, the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

We agree with the appellants that CPLR 8303-a does not authorize the imposition of sanctions in the present action to foreclose a mortgage. Neither the relief sought by the prime plaintiffs nor that sought by the defendant third-party plaintiff can properly be characterized as constituting "damages for personal injury, injury to property or wrongful death" (CPLR 8303-a [a]). The imposition of sanctions by the Supreme Court was therefore unauthorized *(see, Browning Ave. Realty Corp. v Rubin,* 207 AD2d 263; *Eight Tobey Rd. Corp. v Markesteyn,* 198 AD2d 865; *Carver v Apple Rubber Prods. Corp.,* 163 AD2d 849, 850; *Banat v Passalaqua,* 142 AD2d 706).

We have examined the defendant third-party plaintiff's remaining contentions, and find them to be without merit. Bracken, J. P., Balletta, Pizzuto and Krausman, JJ., concur.