■ TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Appellant-Respondent, v NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION et al., Respondents, and NEW YORK STATE DEPARTMENT OF LABOR, Respondent-Appellant. [640 NYS2d 78] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered September 1, 1995, which granted defendant Department of Environmental Protection's ("DEP") cross-motion for summary judgment dismissing the complaint and denied plaintiff Triborough Bridge and Tunnel Authority's ("TBTA") motion for summary judgment seeking a declaration of rights and obligations of the parties, unanimously reversed, on the law, without costs, defendant's cross-motion denied, plaintiff's motion granted and a declaration in favor of plaintiff as indicated herein is granted.

The motion court erred in treating this private contractual dispute as a regulatory dispute, inasmuch as there has been no assertion of regulatory power pursuant to any statute or code by a governmental entity. Therefore, since the doctrine of preemption is not implied here (*see, Building & Constr. Trades Council v Associated Bldrs. & Contrs.*, 507 US 218), it does not bar DEP's performance under the contract, and the court's reliance on Labor Law § 27-a (2) is misplaced. The court also erred by substituting the Department of Labor ("DOL") for DEP as a party under the agreement, since DOL did not consent to such substitution and the court had no other basis in law or in equity for doing so.

The issue of the substitution of DEP for its predecessor agency, the Department of Air Resources ("DAR"), in the collective bargaining agreement is resolved here by the fact of the relevant parties' ratification of DEP's authority under the agreement (*see, Smith v Jones*, 76 Misc 2d 656). DEP does not dispute that it is the successor agency to DAR, and generally has acquiesced in its role under the agreement. Other than the position it has assumed on this motion, TBTA's conduct has also been consistent with the notion that DEP was authorized under the agreement to review its ventilation systems and data. Consequently, TBTA's assertion that the agreement should be invalidated is without merit and TBTA should be denied such relief.

The motion court's concern with alleged shortcomings of the underlying side agreement regarding its age, its brevity, and the absence of a term of duration, are irrelevant here. The side agreement was re-adopted with each succeeding collective bargaining agreement since its inception in 1971; hence it is current and its term of duration is that of the present collective bargaining agreement.

In accordance with the foregoing, we declare the rights of the parties herein as follows: DEP is a proper party to act as arbiter under the terms of the 1971 agreement as adopted and incorporated in subsequent collective bargaining agreements; DEP is obligated under the agreement to render a decision on the basis of the 1992 study either certifying or declining to certify, in its own judgment, that the carbon monoxide count is less than 35 parts per million; the substitution of DEP for DAR does not invalidate or nullify the agreement; and DOL is not a proper party to this action and its authority pursuant to Labor Law § 27-a (2) is not invoked. Concur—Sullivan, J. P., Wallach, Ross and Williams, JJ.