■ In the Matter of BOARD OF MANAGERS OF THE 225 EAST 57TH STREET CONDOMINIUM, Appellant, v CAMPANIELLO REAL ESTATE, Respondent. [837 NYS2d 644]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered December 29, 2005, which granted respondent Campaniello's petition to vacate an arbitration award and denied the cross motion of claimant Board of Managers to confirm the award, unanimously affirmed, with costs.

A court's power to vacate an arbitration award is "extremely limited" by CPLR 7511 (b) (*Matter of Brown & Williamson Tobacco Corp. v Chesley*, 7 AD3d 368, 371 [2004]). That power was appropriately exercised here, not because the award was irrational, but because the arbitrator exceeded her authority.

A party may not be required to submit to arbitration matters it has not agreed to arbitrate (*Matter of R. H. Macy & Co. [National Sleep Prods.]*, 39 NY2d 268, 270 [1976]). Under the condominium's bylaws, the parties could submit to arbitration the issue of whether "Shared Expenses" were being disproportionately imposed upon Campaniello. The arbitrator found questions of fact precluding summary disposition of this issue. This ruling was within the province of the arbitrator's mandate. However, the arbitrator also found, in her interim ruling, that Campaniello did not have the right to withhold disputed charges unilaterally, that as a result it was obligated to pay arrears, and that any determination as to Shared Expenses could only be made prospectively, despite claimant's affirmative demand for retroactive relief.

The issue whether Campaniello could withhold common charges, and the effect such withholding could have on the claim, was not a matter for arbitration under the bylaws. Indeed, the ramifications of such breach are a matter for judicial resolution. All the arbitrator was empowered to determine, under article 6.1(A) (iv) of the bylaws, was whether the Shared Expenses—including the air conditioning and elevator services—were too high or too low. On this question, the arbitrator found issues of fact precluding summary determination and requiring an evidentiary hearing. The remainder of the interim determination exceeded the scope of the arbitrator's authority. Concur—Friedman, J.P., Marlow, Williams, Buckley and McGuire, JJ.