# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1023**

**CA 13-00429**

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF KAMLEH S. TEHAN, INDIVIDUALLY
AND AS EXECUTRIX OF THE ESTATE OF ROBERT J.
TEHAN, PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

TEHAN'S CATALOG SHOWROOMS, INC.,
RESPONDENT-APPELLANT.

---

STEATES, REMMELL, STEATES & DZIEKAN, UTICA (RALPH W. FUSCO OF
COUNSEL), FOR RESPONDENT-APPELLANT.

HISCOCK & BARCLAY, LLP, SYRACUSE (JON P. DEVENDORF OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (Patrick
F. MacRae, J.), entered September 21, 2012.  The order denied the
motion of respondent for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner, in her capacity as the executor of the
estate of her husband (decedent), commenced this proceeding pursuant
to Business Corporation Law § 1104-a seeking, inter alia, a
determination that she is the owner of shares in respondent
corporation held by decedent at the time of his death and dissolution
of respondent.  As relevant on appeal, Supreme Court denied that part
of respondent's motion for summary judgment dismissing the petition
based on petitioner's lack of standing (*see* CPLR 3211 [a] [3]; 3212),
without prejudice to renew upon completion of discovery.  Based on the
record before us, we conclude that the court properly denied
respondent's motion to that extent.  There are issues of fact whether
and to what extent the parties performed their obligations under the
applicable shareholders' agreement or whether the parties elected to
abandon that agreement (*see Carver v Apple Rubber Prods. Corp.*, 163
AD2d 849, 850; *Staebell v Bennie*, 83 AD2d 765, 765-766; *see generally*
CPLR 3212 [f]).  Finally, respondent's contention that the court
should have conducted an immediate trial pursuant to CPLR 3212 (c) to
resolve all issues related to standing is raised for the first time on
appeal and is therefore not properly before us (*see generally*

*Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

Entered: October 4, 2013

Frances E. Cafarell
Clerk of the Court