*Carris v. Carris*, No. 451-8-18 Rdcv (Hoar, J., Nov. 20, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Rutland Unit | CIVIL DIVISION<br>Docket No. 451-8-18 Rdcv |
| Anne Carris,<br>      Appellant<br><br>v.<br><br>William H. Carris,<br>Peoples United Bank,<br>      Appellees | DECISION ON MOTION |

Anne Carris was a beneficiary under three trusts, of which her brother, William Carris, was a trustee. She filed a complaint in the Probate Division seeking to call Mr. Carris and his co-trustee, Peoples United Bank, to account for their administration of the trusts. The Probate Division determined that Ms. Carris had relinquished her interests in the trusts. Accordingly, it concluded that her Complaint did not relate to the administration of the trusts, and so dismissed for lack of subject matter jurisdiction. Ms. Carris appealed that decision. As he did below, Mr. Carris moves again to dismiss. For the reasons below, the court grants the motion.

While Mr. Carris's motion was styled as a motion to dismiss, it relies on matters outside the pleadings. Thus, it stands more appropriately in the posture of a motion for summary judgment. Accordingly, the court invited factual submissions. While the parties dispute much, the material facts, as set forth below, are undisputed.

On June 22, 2011, Ms. Carris executed a "Request for Distributions to Anne Carris and Release of Interests in Trusts." This document responded to and accepted the offer Mr. Carris had made in a letter dated April 19, 2011. The parties thereby formed a contract. The contract provided that when certain distributions were completed, Ms. Carris would have no further interest in the trusts. It further provided that she released Mr. Carris from any claims she might have had against him, individually and as trustee. In addition to the distributions specified in the request, the "Request" recited as consideration Mr. Carris's promise to split his share of the income from the trusts between Ms. Carris and their sister, and further to take certain actions to protect that income stream.

1

It is undisputed that the trust distributions requested by Ms. Carris were made. Ms. Carris alleges, however, that Mr. Carris failed to make good on his promise; while he continued to make monthly payments of income, reputedly from his share of income from the trusts, Ms. Carris alleges nevertheless that those payments were not sufficient to meet his payment obligation. She seeks to avoid the agreement and hold him accountable in the Probate Division for his alleged breaches of duty as trustee.

This court's jurisdiction on appeal is limited to those matters that were properly before the Probate Division. That court's jurisdiction, in turn, is limited by statute: "[t]he probate division of the superior court has exclusive jurisdiction of proceedings . . . brought by a trustee or beneficiary concerning the administration of a trust." 14A V.S.A. §203(a). Here, however, by virtue of the agreement between the parties, Ms. Carris long ago relinquished her rights as a beneficiary. As long as the agreement is valid, she therefore has no standing to object to the administration of the trusts at issue.

Capacity to contract is uncontested. Both parties clearly stated their intent to be bound. The essential terms are clear and unambiguous; both parties gave consideration; and the subject matter of the agreement was lawful. Thus, there can be no dispute that the agreement is enforceable. *See generally* 1 Williston on Contracts § 3:2 (4th ed.). There is also no dispute that Mr. Carris performed, at least in part: he made the promised initial distributions of real estate and discharge of debt, and thereafter continued to make income payments to Ms. Carris. To the extent that she complains that those payments were insufficient to meet his obligations, those complaints go to performance rather than agreement. In other words, her action is on the contract, not on the trusts.

In bringing this action in the Probate Division, Ms. Carris purports not to sue on the agreement, but instead to avoid the agreement altogether. In this regard, any argument as to mere voidability will not avail. A contract may be voidable because of infancy, intoxication, mistake, duress, or fraud. *See* Restatement (Second) of Contracts § 7. Ms. Carris does not allege, much less show infancy, intoxication, mistake, or duress. And while she alleges fraud in the inducement, in accepting and retaining the initial benefits of the agreement—the discharge of debt and distribution of real estate—she ratified the agreement. *Cf. Glass v. Newport Clothing Co.*, 110 Vt. 368, 375 (1939) ("where a corporation . . . accepts the benefits of a contract . . . , the inference is justified that it has adopted or ratified such contract"). Her acceptance of the stream of income over the subsequent years is further evidence of ratification. *See Taddeo v. Taddeo*, 141 Vt. 120, 126 (1982) ("ratification results if a party who executed a contract under duress

2

accepts the benefits flowing from it, or remains silent, or acquiesces in the contract for any considerable length of time after the party has the opportunity to annul or void the contract") (quoting *Smith v. Jones*, 76 Misc.2d 656, 660, 351 N.Y.S.2d 802, 807 (1973)). This defeats any argument as to voidability. *See, e.g.*, *Spencer v. Lyman Falls Power Co.*, 109 Vt. 294, 301 (1938) ("where the contract of an infant is voidable only by him on his coming of age, he is bound by, and presumed to ratify it, if he does not, within a reasonable time after attaining full age, give notice of disaffirmance, or otherwise reject the result"); *Merrill v. Englesby*, 28 Vt. 150, 156 (1855) ("we are compelled to believe [that a contract] . . . void or voidable under the statute[] may be so far affirmed by the creditors themselves[] as to be binding").

To invoke the jurisdiction of the Probate Division, therefore, Ms. Carris must demonstrate that the agreement was void *ab initio*. The only possible basis for such a conclusion is fraud in the inducement. On this question, Ms. Carris bears the burden of showing, by clear and convincing evidence, that her assent to the agreement was induced by a fraud. *See Bennington Hous. Auth. v. Bush*, 2007 VT 60, ¶ 8. Even considered in the light most favorable to Ms. Carris, the evidence she relies on for this proposition falls far short of the mark. At most, she relies on her own allegations and denials of factual assertions made in Mr. Carris's motion papers. This, however, fails to meet her burden under Rule 56. *See Alpstetten Ass'n, Inc., v. Kelly*, 137 Vt. 508, 514 (1979) (once the moving party meets initial burden of showing absence of disputed material facts the nonmoving party must come forward with evidence of any disputed material facts and cannot rely on allegations alone); *see also Poplaski v. Lamphere*, 152 Vt. 251, 254–55 (1989) (summary judgment is mandated when, after a sufficient discovery period, a party does not make a sufficient showing of an element for which he has the burden of proof at trial).

Ms. Carris's remedy, therefore, lies not in an action in the Probate Division calling the trustee to account for his administration of the trusts. Instead, it would appear to lie, if at all, in an action in contract—and perhaps on better evidence, in fraud—in the Civil Division. Accordingly, the court grants summary judgment to Mr. Carris, on the conclusion that the Probate Division lacks subject matter jurisdiction over this dispute.

## **ORDER**

The Motion to Dismiss the appeal is **granted**. The Probate Division's order dismissing the case is **affirmed**, without prejudice to Ms. Carris's right under 12 V.S.A. § 558 to file an original action in the Civil Division.

Electronically signed on November 20, 2018 at 08:43 AM pursuant to V.R.E.F. 7(d).


_____
Samuel Hoar, Jr.
Superior Court Judge