Matter of Fernandez v Nigro (2019 NY Slip Op 08672)





Matter of Fernandez v Nigro


2019 NY Slip Op 08672


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-10855
 (Index No. 15826/14)

[*1]In the Matter of Jackie Kaht Fernandez, respondent,
v
Daniel Nigro, etc., et al., appellants.


James E. Johnson, Corporation Counsel, New York, NY (Devin Slack and Daniel Matza-Brown of counsel), for appellants.
Chet Lukaszewski, P.C., Lake Success, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department Pension Fund, dated July 23, 2014, the appeal is, by permission, from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated March 22, 2016. The order, insofar as appealed from, sua sponte, found that the actions of the New York City Fire Department Pension Fund, Subchapter II Medical Board, and the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund in denying the petitioner's application for accidental death benefits were made in bad faith and warranted the imposition of sanctions pursuant to CPLR 8303-a, and directed a hearing to determine the amount of sanctions to be imposed.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements.
The petitioner's husband (hereinafter the decedent) was a New York City firefighter who participated in recovery and cleanup operations at the World Trade Center following the September 11, 2001, attacks. He retired in November 2002. In July 2006, he died as a result of an apparent drowning accident. In March 2007, the petitioner applied to the Board of Trustees of the New York City Fire Department Pension Fund, Article 1-B (hereinafter Board of Trustees) for accidental death benefits. The petitioner alleged that the decedent suffered from a disease of the lower respiratory tract as a result of his work at the World Trade Center, which caused a cardiac event, which, in turn, caused him to drown. The Board of Trustees referred the matter to the New York City Fire Department Pension Fund, Subchapter II Medical Board (hereinafter Medical Board) for review. Over the course of the next seven years, the Medical Board repeatedly recommended denying the petitioner's application and the Board of Trustees repeatedly denied the petitioner's application. The petitioner previously commenced two separate CPLR article 78 proceedings in which she obtained relief from this Court (see Matter of Fernandez v Board of Trustees of N.Y. Fire Dept. Pension Fund, Subchapter 2, 81 AD3d 950) and from the Supreme Court, respectively, directing the Medical Board and the Board of Trustees to consider the evidence submitted by the petitioner and render new recommendations and determinations based upon the evidence before it.
Ultimately, in a determination dated July 23, 2014, the Board of Trustees again denied [*2]the petitioner's application. The petitioner commenced the instant CPLR article 78 proceeding against the Board of Trustees, the City of New York, and Daniel Nigro, as the Fire Commissioner of the City of New York and as Chairman of the Board of Trustees of the New York City Fire Department Article 1-B Pension Fund (hereafter collectively the appellants) to review the July 23, 2014, determination. In an order dated March 22, 2016, the Supreme Court granted the petition, annulled the determination, and awarded the petitioner accidental death benefits retroactive to August 23, 2007. The court also, sua sponte, determined that the Medical Board and the Board of Trustees should be sanctioned pursuant to CPLR 8303-a because they had acted in bad faith in repeatedly denying the petitioner's application for benefits to which the court found the petitioner plainly was entitled under the relevant law. The court directed a hearing to determine the amount of sanctions to be imposed.
The appellants moved for leave to appeal from so much of the March 22, 2016, order as determined that sanctions should be imposed and directed a hearing to decide the amount of sanctions to be imposed. In an order dated September 7, 2016, the Supreme Court granted the motion (see CPLR 5701[c]). We reverse the March 22, 2016, order insofar as appealed from.
A court does not have the authority to impose a penalty or sanction absent enabling legislation or court rule authorizing the penalty or sanction (see Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 6; Seth Rubenstein, P.C. v Ganea, 41 AD3d 54, 63; Eirand v Macri, 213 AD2d 585, 585; Matter of Kernisan v Taylor, 171 AD2d 869, 870). Here, in determining that sanctions were appropriate, the Supreme Court relied on CPLR 8303-a. That section, however, does not authorize a court to award sanctions in a CPLR article 78 proceeding. CPLR 8303-a authorizes a court to award costs and reasonable attorney's fees for frivolous claims or defenses "in an action to recover damages for personal injury, injury to property or wrongful death, or an action brought by the individual who committed a crime against the victim of the crime." Since this is a special proceeding to review a determination by the Board of Trustees (see CPLR 7804[a]), CPLR 8303-a is inapplicable (see April M's Enters. v Scott, 218 AD2d 778, 779; Browning Ave. Realty Corp. v Rubin, 207 AD2d 263, 267; Eight Tobey Rd. Corp. v Markesteyn, 198 AD2d 865, 866; Carver v Apple Rubber Prods. Corp., 163 AD2d 849).
The petitioner contends on appeal that the determination to sanction the Medical Board and the Board of Trustees may be upheld under 22 NYCRR 130-1.1. This contention is without merit. 22 NYCRR 130-1.1 authorizes a court to impose financial sanctions for frivolous conduct by a party in civil litigation (see Stow v Stow, 262 AD2d 550, 551; Casey v Chemical Bank, 245 AD2d 258, 258). The conduct at issue did not constitute conduct in the proceeding before the court and, therefore, sanctions were not authorized by 22 NYCRR 130-1.1. Further, an award of costs or the imposition of sanctions may be made only after a reasonable opportunity to be heard (see 22 NYCRR 130-1.1[d]). The Supreme Court's sua sponte determination to impose sanctions here was made without notice to the parties (see Oppedisano v Oppedisano, 138 AD3d 1080, 1081; Matter of Griffin v Panzarin, 305 AD2d 601, 603).
Accordingly, the Supreme Court was without authority to impose sanctions, and the order must be reversed insofar as appealed from.
SCHEINKMAN, P.J., CHAMBERS, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court